UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Christine Peabody; Michael Griggs;
Lauren Griggs; and C. Monica Griggs

Plaintiffs

VS. C.A. 08-243 ML

Carol Rita Kimberly Griggs, Alias;
David Heal, Alias, individually and
in his capacity as purported Trustee of
the Irrevocable Trust estate of the late Glenn E. Griggs;
Deborah Griggs, Alias; Dan A. Griggs, Alias;
Edward L. Gerstein, Alias; Richard Bicki, Alias;
Edward Brayton, Alias; the Griggs & Browne Co, Incorporated;
Griggs & Browne Home Inspection Service, Inc.;
Griggs & Browne Services, Inc.;
Griggs & Browne Termite Control, Inc; John Does l
through 10; Jane Roes 1 through 10; XYZ Corporations,
Partnerships, Limited Liability Companies, Trusts and/or
Enterprises 1 through 10

Defendants

**PLAINTIFFS' MEMORANDUM SUPPORTING THEIR MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Plaintiffs have moved for preliminary injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, directing that defendants individually, in their capacity as Trustees of any Trust or portion of the Estate of the late Glenn E. Griggs, and in their capacity as officers, agents, servants, employees, attorneys, successors and/or assigns of the named corporate defendants preliminarily enjoined and restrained of and from various acts until further order of this court. They offer this memorandum and Affidavit of Nancy Griggs in support of their position.

**APPLICABLE FOUR-PART LEGAL STANDARD**

The First Circuit has enunciated a four (4) part test concerning whether a claimant is entitled to preliminary injunctive relief. As seen in the matters of *Weaver v. Henderson*, 984 F.2d 11, (1st Cir. 1993) and *Auburn News Co. v. Providence Journal Co.*, 659 F.2d 273) (1st Cir., 1981). the criteria may be summarized as follows; namely that:

(a) the moving party is likely to succeed on the merits;

(b) the moving party will suffer irreparable injury if the injunctive relief is not granted;

(c) the harm to the moving party outweighs any harm that would befall the non-moving party if the restrainer is issued (i.e., the relevant balance of hardships between the parties); and

(d) the effect, if any, that the issuance of a restraining order would have on the public interest.

**ABSTENTION(S) DOCTRINE NOT IMPLICATED**

Defendants may argue that the "abstention" doctrine enunciated in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971) is applicable to this proceeding. If they do so, they are incorrect. The *Younger* court held, in essence, that federal courts should not interfere with *ongoing state judicial proceedings*. Under its dictates, a federal court must abstain from exercising its jurisdiction over a case or controversy where (a) there are ongoing state judicial proceedings; (b) the state proceedings implicate important state interests; (c) the state proceedings afford an adequate opportunity to raise any federal constitutional challenges, and (d) the plaintiff(s) in the federal case has/have not demonstrated bad faith, harassment or any other unusual circumstances that would call for equitable relief. See *S. Boston Allied War Veterans Council v. Zobel*, 830 F.Supp 643, 649 (D. Mass. 1993).

In the present situation there are no ongoing state Probate proceedings that implicate the claims raised by the plaintiffs. It is plaintiff's understanding that none of Glenn's testamentary documents have been offered in Probate or before any other state court as of this time. Therefore, no proceedings implicating important state interests are pending and there are no state matters involving the issues presented by this case.

As noted in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236 (1976), abstention from the exercise of federal jurisdiction is the exception, not the rule. Therefore, a federal district court should abstain from deciding a case correctly before it on when doing so would "clearly serve an important countervailing interest" *Id. at 813*. Its principles are to be applied on in situations "involving the contemporaneous exercise of concurrent jurisdictions" Dittmer v. County of Suffolk, 146 F.3d 113, 117-18 (2nd Cir., 1998). Where a federal court is "just as convenient" as a state court, that factor favors retention of the case in the federal court" *Village of Westfield*, 170 F.3d at 122 (citation omitted). Federal and state proceedings are "concurrent" or "parallel" only if the two proceedings are "essentially the same; that is, there is an identity of parties, and the issues and relief sought are the same" *Nat'l Union Fire Ins. Co. of Pittsburgh v. Karp*, 108 F.3d 17, 22 (2d Cir. 1997). No factors implicating abstention under the *Colorado River* doctrine seem implicated in the matter at bar as this case is markedly different in type and scope from any existing or potential probate matter.

Finally, there is the so-called "probate exception" that a federal court has no jurisdiction to probate a will or administer an estate" *Markham v. Allen*, 326 U.S. 490, 494, 66 S.Ct. 296, 90 L.Ed. 256 (1946). More recently, the court has advised that this "probate exception" is narrow and should not be used as an excuse to decline to exercise jurisdiction merely because they involve a "probate-related matter". *Marshall v. Marshall*, 126 S.Ct. 1735, 1741, 164 L.Ed. 2d

480 (1996). For example, the *Marshall* court noted with disfavor the failure of a district court to exercise jurisdiction over a claim that a party had tortuously interfered with a plaintiff's inheritance by causing an amendment to an irrevocable *inter vivos* trust. 126 S.Ct at 1748. Moreover, it rejected the Ninth Circuit's alternative holding that a state probate court's declaration of exclusive jurisdiction was binding on federal courts. *Id.* at 1749-1750.

This court is not being asked to directly probate a will or administrate an estate as those would be strictly probate-related in nature and beyond the scope of this court's jurisdiction. Furthermore, this case does not ask this court to assume general jurisdiction or control of any probate matter or property in the custody of the state court.

**ARUGMENT**

According to a call with the Warwick Probate Court on June 26, 2008, the so-called Last Will of Glenn E. Griggs has been "filed" with the court but has not been accompanied by any petition that it be admitted to probate. No Trust of Mr. Griggs has been filed in that court. Upon information and belief, these testamentary instruments have not been filed in any other court of the State of Rhode Island.

Here, the Last Will and Testament of Glenn Griggs has apparently been rendered not much more than a "shell" given the fact that there apparently exists a Trust (of dubious origin). Moreover, the six (6) month anniversary of Mr. Griggs' death will be Friday, June 27, 2008, and one of the defendants told her mother that there will be distributions from the Trust on that date (see Affidavit of Nancy Griggs). The plaintiffs' claims also relate various Griggs & Browne companies that are not before the Probate Court.

Applying the applicable legal standard to this request, it is respectfully suggested that the moving parties are likely to succeed on the merits as there are numerous witnesses and compelling circumstantial evidence pointing to the use of undue influence over Glenn Griggs to wrest control of his assets and businesses to or for the benefit of the individual defendants. The plaintiffs need not show what amounts to a "great likelihood" of success or that they will achieve that there exists "clear and convincing" evidence that they will succeed on the merits, only that there is a likelihood that they will prevail by a preponderance of the evidence.

Given the previous actions of some or all of the individual defendants as described in the verified complaint, conversion, misappropriation and the secretion of assets are among the potential results of allowing further distribution of assets at this point in time. In many instances, this makes it impossible to trace and recover funds and thus the plaintiffs are subject irreparable injury if this injunctive relief is not granted.

The potential harm to the plaintiffs in this circumstance clearly outweighs any harm that might befall the individual defendants as it nearly maintains the status quo and potentially leaves the parties in the positions at which they were before this motion was filed. Furthermore, the requirement that medical records be furnished "evens the playing field" and will serve to balance the hardship experienced by the plaintiffs to date.

Finally, the issuance of the Restraining Order would have no bearing on the public interest.

It is represented to the Court in support of this Motion that the undersigned, counsel for plaintiffs, has given notice of this memorandum to the individuals described in the certification below by in hand delivery.

Respectfully submitted,
Plaintiffs
By their attorney,

John B. Reilly

John B. Reilly, Esq. (#1811)
John Reilly & Associates
100 North Main Street, 4th Floor
Providence, RI 02903
(401) 272-2800
Fax: (401) 272-2811

DATED: June 26, 2008

**CERTIFICATION**

Copy to the following persons or entities or their legal counsel (if known) on the day and date below:

Griggs & Browne Termite Control Co., Inc.
c/o A/F/S Craig M. Scott, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903

Edward Brayton
777 Cowesett Rd.
Warwick, RI 02886

David Heal
35 East Waterview Drive
Smithfield, RI 02917

Dan A. Griggs
155 Tenth Street
Providence, RI 02906

Edward L. Gerstein, Esq.
29 Meeting House Lane
Little Compton, RI 02837

Richard Bicki
56 Pine Street
Providence, RI 02906

Griggs & Browne Co., Inc.
c/o A/F/S Craig M. Scott, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903

Deborah Griggs
207 Robin Hollow Road
West Greenwich, RI 02817

Griggs & Browne Home Inspection Service, Inc.
c/o A/F/S Craig M. Scott, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903

Griggs & Browne Services, Inc.
c/o A/F/S Craig N. Scott, Esq.
One Turks Head Place, Suite 1200
Providence, RI 02903

Carol Rita Kimberly Griggs
77 Summit Drive
Cranston, RI 02920

Date: June 26, 2008 _____John B. Reilly____________