STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

LAUREN E. GRIGGS and
CHRISTINE A. PEABODY

VS.

ESTATE OF GLENN E. GRIGGS

C.A. No. KP01- 0664

# REASONS OF APPEAL

1. Petitioners, Lauren E. Griggs and Christine A. Peabody ("Petitioners"), pursuant to §33-23-1 et. seq. hereby claims an Appeal from the following orders and decrees of the Probate Court of the City of Warwick:

- Order (undated) and Omnibus Discovery Order (undated) from hearing on October 26, 2000
- Order entered November 10, 2000 from hearing on November 9, 2000
- Order (undated) from hearing on November 30, 2000
- Order entered January 23, 2001 from hearing on January 11, 2001
- Order entered January 31, 2001 from hearing on January 24, 2001
- Order entered March 10, 2001 from hearing on February 16, 2001
- Order entered June 7, 2001 from hearings on March 29, 2001 and May 17, 2001
- Order entered July 3, 2001 from hearing on June 21, 2001

2. Petitioners represent that they are the daughters of the Respondent, Glenn E. Griggs and that on or about October 10, 2000 they filed a Petition for Limited Guardianship or Guardianship for Glenn E. Griggs.

3. That on or about July 3, 2001 the Probate Court failed to grant the aforementioned Petition for Guardianship.

4. Filed with these Reasons of Appeal are a certified copy of the Claim of Appeal and the record of the proceedings appealed from.

5. Petitioners state their Reasons of Appeal as follows:

(a) The Probate Court denied Petitioners' request to take the deposition of Sharon Murray, incident to the decision-making assessment tool ("DMAT")

prepared by Dr. John Stoukides regarding Glenn E. Griggs ("Respondent");

(b) The Probate Court sealed and denied Petitioners access to certain records, including but not limited to, medical consents for release of confidential health care information by Dr. Stoukides signed by Respondent and the complete medical chart of Dr. Stoukides' assessment of Respondent.

(c) The Probate Court relied upon the Affidavit of Dr. Carlo G. Brogna and denied Petitioners access thereto in preparation for evidentiary hearing;

(d) The Probate Court relied upon the affidavit of Dr. Brogna offered *ex parte* in contravention of the rules of evidence.

(e) The Probate Court denied Petitioners the right to discover the records of Dr. Brogna, to depose him, to cross-examine him at hearing and to confront his medical conclusions;

(f) The Probate Court sealed and denied Petitioners access to certain records of Respondent purportedly to demonstrate that a less restrictive alternative to guardianship existed;

(g) The Probate Court denied Petitioners the right to discover the identity and conduct of persons in a fiduciary relationship with the Respondent; to depose them, to cross-examine them at hearing, to inquire into the manner in which the fiduciary relationship was obtained, and to confront the conclusion that a less restrictive alternative to guardianship existed;

(h) The Probate Court failed to determine the Respondent's competency or lack thereof;

(i) The Probate Court determined, without evidentiary hearing that a less restrictive alternative to guardianship of Respondent existed;

(j) The Probate Court denied Petitioners' petition for guardianship of the Respondent's person and estate;

(k) The Probate Court denied Petitioners the right to see and inquire of the Respondent;

(l) The Probate Court refused access to the Respondent in person;

(m) The Probate Court quashed subpoena *duces tecum* issued to Dr. Stoukides and Roger Williams Geriatric Assessment Services, restricted his testimony to non-privileged matters, and denied the doctor the opportunity to explain the factual and diagnostic basis for his conclusions set forth in DMAT dated

September 27, 2000;

(n) The Probate Court denied Petitioners' request to identify the Respondent's treating and consulting physicians.

(o) The Probate Court permitted Respondent and other interested parties complete and unrestricted discovery of Christine Peabody, Lauren Griggs, Courtney Griggs and Nancy Griggs but denied, severely restricted and/or upheld privilege objections to discovery of Respondent, Carol Kimberly Griggs and Deborah Griggs;

(p) The Probate Court conducted in camera inspection of certain records and documents which colored the court's judgment and findings in this matter while denying the Petitioners' ability to confront the same;

(q) The Probate Court failed to enforce its prior rulings that the identity of Respondent's neurologist and internist be disclosed;

(r) The Probate Court denied Petitioners the right to discover Respondent's financial records;

(s) The Probate Court denied Petitioners the right to discover the records of Robert Veasey and Sowa Financial Group, to depose him, and to present his testimony at hearing;

(t) The Probate Court, after granting the parties mutual authority to engage in discovery, denied Petitioners' complete and meaningful discovery to adequately prepare for hearing;

(u) The Probate Court, after declaring that the Superior Court Rules of Civil Procedure should apply to discovery failed to apply those rules fairly and consistently to the Respondent and Petitioners;

(v) The Probate Court, after permitting issuance of witness subpoenas and subpoenae *duces tecum*, restricted and/or quashed certain subpoenas issued by Petitioners;

(w) The Probate Court sealed the court file during the pendency of the petition for guardianship and restricted Petitioners access thereto; and

(x) The Probate Court restricted the guardian *ad litem's* access to and assessment of the Respondent.

WHEREFORE Petitioners pray that this Court::

1. Grant the Petitioners" Petition for Limited Guardianship or Guardianship of

Glenn E. Griggs.

2. Grant such further relief as it deems fit and appropriate.

**Petitioners request a trial by jury.**

Petitioners, Lauren E. Griggs and
Christine A. Peabody,
By Their Attorneys

Gerald C. DeMaria, , #0637
HIGGINS, CAVANAGH & COONEY, LLP
123 Dyer Street
Providence, RI 02903
(401) 272-3500

CERTIFICATION

I hereby certify that on August 2, 2001, I mailed a copy of the foregoing by regular mail, postage prepaid to:

Richard C. Bicki, Esq.
CERILLI, MCGUIRL & BICKI
56 Pine Street
Suite 200
Providence, RI 02903

Edward L. Gerstein, Esq.
29 Meeting House Lane
Little Compton, RI 02837

Lauren E. Jones, Esq.
JONES ASSOCIATES
72 South Main Street
Providence, RI 02903

Karl F. Kilguss, Esq.
FREDERICK C. KILGUSS & ASSOCIATES
535 Centerville Road
Warwick, RI 02886