FILED
PROBATE COURT
WARWICK, R. I.
SEP 29 2005

STATE OF RHODE ISLAND
COUNTY OF KENT

WARWICK PROBATE COURT
DOCKET NO. 2003-249

IN RE: ESTATE OF GLENN E. GRIGGS

# CONSENT ORDER

This matter came on for hearing on the 22nd day of September, 2005 Hon. John G. Earle, Acting Probate Judge, presiding. By agreement of the Petitioners and Respondent, and with the consent of the Court, the Court makes the following Findings of Fact, and Orders:

## Findings of Fact

1. This Court, per Evangelista, J., has previously dismissed a Petition for the Appointment of a Limited Guardian/Guardian because it determined that less restrictive means than a guardianship are available by virtue of private financial planning documents prepared for and executed by the Respondent. See Order entered July 3, 2001, and transcript of hearing of June 21, 2001, in *Estate of Glenn E. Griggs*, No. 2000-481.

2. The dismissal of the Petition for the Appointment of a Limited Guardian/Guardian referenced in paragraph 1, was affirmed on appeal to the Superior Court, and on appeal to the Rhode Island Supreme Court. See: *Lauren Griggs, et al. v. Estate of Glenn E. Griggs*, 846 A.2d 1006 (R.I. 2004).

3. The private financial planning documents prepared for and executed by the Respondent remain in effect.

4. Other than the Petitioner David Heal, all interested persons and parties in these proceedings participated as either interested persons or parties in *Estate of Glenn E. Griggs*, No. 2000-481.

FILED
PROBATE COURT
WARWICK, R.I.
SEP 29 2005

5. As a result of hearing on April 15, 2004, this Court appointed David Heal as the temporary limited guardian of the estate of the Respondent. The powers of the temporary limited guardian of the estate were limited to requiring the signature of the temporary limited guardian, as well as the signature of Respondent, on any document that creates an obligation, transfers an asset, or purports to authorize another to act on behalf of Respondent.

6. The Respondent owns certain assets that are not within the ambit of the private financial planning documents found to be a suitable less restrictive means to a limited guardianship.

7. The Respondent is a person in need of, and who will benefit from, the appointment of a limited guardian for his estate.

~~7.~~ 8. David Heal is a suitable person to be named as limited guardian of the estate of the Respondent with respect to certain assets that are not within the ambit of the private financial planning documents.

Now, therefore, it is

ORDERED, ADJUDGED AND DECREED

1. David Heal is appointed limited guardian of the estate of Glenn E. Griggs with respect to any assets that are not within the scope of the private financial planning documents previously found to be an adequate less restrictive alternative to the imposition of a limited guardianship.

2. The powers of the limited guardian of the estate of Glenn E. Griggs shall be limited to the assets, obligations and rights of Mr. Griggs that are not within the scope of the private financial planning documents, and that are presently identified as (a) salary received by Mr. Griggs from the companies commonly and collectively known as the Griggs and Browne companies; (b) joint ownership of certain real property together with

FILED
PROBATE COURT
WARWICK, R.I.
SEP 29 2005

all improvements thereon located at 500 Nausauket Road, Warwick, RI; (c) joint ownership of certain real property together with all improvements thereon located in St. Martin; (d) any joint bank, or other financial, accounts held in the name of Mr. Griggs and the temporary limited guardian of his estate, or Mr. Griggs and another; and (e) any claims or causes of action by or against Mr. Griggs.

3. The limited guardian is authorized, subject to Probate Court approval, to execute any document that creates an obligation, transfers an asset, or purports to authorize another to act on behalf of Mr. Griggs with respect to any of the matters set forth in paragraph 2 hereof.

4. Within ~~sixty (60)~~ thirty (30) days, the limited guardian shall file an Inventory and Report of all assets of Mr. Griggs, including, without limitation, claims and causes of action, that are not within the scope of the private financial planning documents.

Entered as an Order of the Court this 29th day of September, 2005.

ENTER:

[signature]

PER ORDER:

[signature]

AGREED TO IN FORM AND SUBSTANCE

[Signatures on following page]