FILED
PROBATE C...
WARWICK, R.I.
APR 28 2008

STATE OF RHODE ISLAND
COUNTY OF KENT

WARWICK PROBATE COURT
DOCKET NO. 2003-249

IN RE: ESTATE OF GLENN E. GRIGGS

**ORDER**

This matter came on for hearing on the 10th day of April 2008, Hon. Stephen Isherwood, Probate Judge, presiding, on the Motion To Determine Scope of Compensatory Sanctions on Multiple Judgments of Contempt, Reparation and Instructions, and the Objections thereto filed on behalf of Patricia Griggs, Lauren Griggs, Christine Peabody and Nancy Griggs (collectively "the contemnors"). Each of the parties was represented by counsel, and each of the contemnors was also present. Upon hearing and consideration thereon, it is hereby

ORDERED, ADJUDGED AND DECREED

1. The Court has jurisdiction to determine the scope of compensatory sanctions in the form of an award of attorneys' fees and costs to be imposed as a result of the contempt adjudications of December 24, 2003 and February 11, 2005.

2. The contempt authority of the Court includes, but is not limited to, the authority to impose an award of attorneys' fees and costs as a result of contemptuous conduct.

3. In accord with his responsibilities to the guardianship estate and the Court, the limited guardian of the estate may prosecute the determination of the scope and amount of attorneys' fees and costs to be imposed as a result of the contempt adjudications of December 24, 2003 and February 11, 2005.

4. The contempt adjudications of December 24, 2003 and February 11, 2005 are adjudications of civil, not criminal, contempt.

PROBATE COURT
WARWICK, R.I.
APR 28 2008

5. The objections of Nancy Griggs and Lauren Griggs that their alleged reliance on the advice of counsel mitigates the sanctions to be imposed against them are overruled.

6. The contempt adjudication of February 11, 2005 did not deny Patricia Griggs, or any other contemnor, due process.

7. Lauren Griggs and Christine Peabody are liable for reasonable attorneys' fees and costs for the matters that are identified at the hearing of December 9, 2003 that resulted in the contempt adjudication of December 24, 2003, and the investigation, preparation and prosecution of the contempt motion that resulted in the contempt adjudication of December 24, 2003.

8. Patricia Griggs, Christine Peabody and Lauren Griggs, jointly and serverally, are liable for reasonable attorneys fees and costs that result from the "life insurance policy" issue (as identified in the Motion To Determine Scope of Compensatory Sanctions on Multiple Judgments of Contempt, Reparation and Instructions, and supporting memoranda), including, but not limited to the attorneys' fees and costs incurred in the matter *Glenn E. Griggs, by and through his limited guardian, David Heal v. Patricia Griggs*, K.C. No. 06-615.

9. All contemnors, jointly and severally, are liable for reasonable attorneys' fees that result from the "representation issue" (as identified in the Motion To Determine Scope of Compensatory Sanctions on Multiple Judgments of Contempt, Reparation and Instructions, and supporting memoranda).

10. All contemnors are liable for reasonable attorneys' fees incurred as a result of the investigation, representation and prosecution of the contempt adjudication of

FILED
PROBATE COURT
WARWICK, R. I.
APR 28 2008

February 11, 2005; provided, however, that Nancy Griggs is not liable for reasonable attorneys' fees incurred as a result of the investigation, representation and prosecution of this contempt adjudication that relate to the "life insurance policy issue" (as identified in the Motion To Determine Scope of Compensatory Sanctions on Multiple Judgments of Contempt, Reparation and Instructions, and supporting memoranda).

11. Compensatory attorneys' fees and costs will not be imposed for the appearance of counsel before Justice Nugent in Kent County Superior Court on July 2, 2003; provided, however, that compensatory attorneys' fees and costs will be awarded for attorneys' fees and costs incurred after the denial by Justice Nugent on July 2, 2003 of the "Emergency Motion" to vacate or enjoin the Temporary Guardianship Order of June 26, 2003.

12. The guardianship estate~~, rather than contemnors,~~ shall remain responsible for the payment of fees and expense incurred by Michael St. Pierre, in his capacity as temporary limited guardian of the person of the late Glenn E. Griggs, and Maureen Dunnigan, the court-appointed statutory guardian ad litem; the contemnors shall not be responsible for such fees.

13. The hearing dates of April 23, 2008, April 24, 2008 and April 25, 2008, as set forth in the Order entered March 13, 2008, are hereby vacated.

14. This matter is continued to May 8, 2008, as a telephone notice to the Court for control date purposes to determine dates for hearing on the amount of compensatory attorneys' fees and costs to be imposed and for production by the limited guardian of the estate of the bills for which compensation is sought. In-court appearances by counsel or the contemnors are not necessary.

FILED
PROBATE COURT
WARWICK, R. I.
APR 28 2008

15. All prior orders not expressly inconsistent herewith remain in full force and effect.

So Ordered:

Isherwood, J.

Enter:

5/8/08

Presented By:

Edward L. Gerstein, Esq., #2270
29 Meeting House Lane
Little Compton, RI 02837
Tel: (401) 635-2282
Fax: (401) 635-1612

CERTIFICATION

I hereby certify that the within was served by fax and/or e-mail this 16th day of April upon: Attorney Stephanie DiMaio-Larivee, 215 Broadway, Providence, RI 02903; Michael Lepizzera, Lepizzera & Laprocina, 301 Metro Center Blvd. Suite 102, Warwick, Rhode Island 02886; Joseph Tudino, Esq., 915 Smith Street, Providence, RI 02908; Thomas Dickinson, Esq., 1312 Atwood Ave., Johnston, RI 02919; and Attorney Kathleen M. Hagerty, Flaherty & Lawrence, 70 Jefferson Blvd., Warwick, RI 02888; and by mail on Courtney Monica Griggs, 1181 N. Main Road, Jamestown, RI 02835; provided, however, that the language of paragraph 12 has been clarified based on comments to reflect that the contemnors are not responsible for the costs identified in paragraph 12, and that Michael St. Pierre was the temporary limited guardian <u>of the person</u> of the late Glenn E. Griggs.