UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Christine Peabody; Michael
Griggs; Lauren Griggs; and C.
Monica Griggs

Plaintiffs

VS. C.A. No.: 08-243 ML

Carol Rita Kimberly Griggs, Alias;
David Heal, Alias, individually and
in his capacity as purported Trustee of
the Irrevocable Trust estate of the late Glenn E. Griggs;
Deborah Griggs, Alias; Dan A. Griggs, Alias;
Edward L. Gerstein, Alias; Richard Bicki, Alias;
Edward Brayton, Alias; the Griggs & Browne Co, Incorporated;
Griggs & Browne Home Inspection Service, Inc.;
Griggs & Browne Services, Inc.;
Griggs & Browne Termite Control, Inc; John Does 1
through 10; Jane Roes 1 through 10; XYZ Corporations,
Partnerships, Limited Liability Companies, Trusts and/or
Enterprises 1 through 10

Defendants

**DEFENDANTS' [DAVID HEAL, EDWARD L. GERSTEIN AND RICHARD BICKI] MOTION FOR JUDICIAL NOTICE PURSUANT TO F.R.Ev. 201 AND FOR OTHER APPROPRIATE RELIEF**

Defendants David Heal, Edward L. Gerstein and Richard Bicki hereby request, pursuant to F.R.Ev. 201, that this Honorable Court take judicial notice of the matters contained in the list appended hereto. As reason therefor, the defendants state that they will be filing a Motion to Dismiss pursuant to F.R.Civ.P. 12(b)(6) and the submission with that motion of certain matters relevant to the Court's consideration thereof, if not determined in advance to be subject to judicial notice, might otherwise cause the involuntary conversion of the Rule 12(b)(6) motion to one for summary judgment under F.R.Civ.P. 56.

In order to avoid any unintentional or involuntary conversion of their Rule 12(b)(6) motion into a Rule 56 motion, the defendants respectfully request that the Court take judicial notice of the listed items, all of which are properly the subject of judicial notice, as more particularly appears from the memorandum of law submitted herewith.

More specifically, the listed items consist of two broad categories of materials. The first category includes pleadings, orders, opinions, and judgments entered or filed in the state court actions that are the underlying basis for and inextricably intertwined with the issues raised in the complaint. The second category of items consists of transcripts of certain state court proceedings. These are themselves in two groups. The first group includes transcripts of proceedings in the Warwick Probate Court and the Kent County Superior Court of hearings occurring during the state court litigation. The second group includes transcripts of depositions of various individuals that were taken during the course of and in conjunction with the state court proceedings and which, by court orders, were made part of the record in the state court proceedings.

Defendants acknowledge that while transcripts (and many other documents) of which the court takes judicial notice are available in the consideration of a Rule 12(b)(6) motion, they are generally (with certain exceptions) not to be offered or used to establish the truth of matters asserted therein but only to establish the fact that the event occurred or that something attributed to a particular person or witness was actually said (not whether or not it was accurate). In the present case, these documents are being offered in support of the Rule 12(b)(6) motion only because they are relevant and material to the grounds raised in that motion, particularly the applicability of (a) the Rooker-Feldman, res judicata, and collateral estoppel doctrines, (b) the statutes of limitations, (c) the litigation privilege, and (d) other matters.

The documents are not included in this request for any purpose that would trigger or implicate the provisions of Rule 56, and are all properly subject to judicial notice under F.R.Ev. 201. Defendants specifically request that the court advise counsel which, if any, of the items listed in this Rule 201 motion the court will not judicially notice so that counsel will not append them to their Rule 12(b)(6) motion(s) or refer to them therein.[1]

Finally, the preparation of defendants' Rule 12(b)(6) motion will necessarily be affected by whether this Rule 201 request is granted or denied. Therefore, the defendants additionally request a period of 14 days from the date the court enters an order concerning the within motion to file their Rule 12(b)(6) motion in order to allow them time to integrate the documents into their arguments.

WHEREFORE, defendants respectfully request that the court:

(a) take judicial notice of the documents listed in the Index of Documents attached hereto;
(b) advise counsel of any documents the court will not judicially notice; and
(c) extend the time for filing defendants' Rule 12(b)(6) motion to and including 14 days following the entry of this court's order on the within motion.

Respectfully submitted,
Edward L. Gerstein and Richard Bicki
By Their Attorney,

*/s/ Anthony M. Traini*
Anthony M. Traini (#4793)
56 Pine Street – Suite 200
Providence, RI 02903-2819
Tel. (401) 621-4700
Fax (401) 621-5888
E-mail:amt@atrainilaw.com

[1]Because the documents are voluminous and largely unavailable in electronic form, and because they have been specifically identified and should already be in possession of opposing counsel, they have not been appended to or filed with this Motion. Defendants request instruction from the court as to whether and to what extent, if at all at this time, to provide any of the documents to the court or opposing counsel.

David Heal, individually and in his capacity as the Trustee of Glenn E. Griggs Trust,
By and through his attorneys,

*/s/ Michael J. Lepizzera*
Lepizzera & Laprocina Counselors at Law, Ltd.
Michael J. Lepizzera, Jr. #4995
301 Metro Center Blvd. Suite 102
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 384-6950
Email: mlepizzera@leplap.com

CERTIFICATE OF SERVICE

A copy of this pleading has been served upon all counsel of record via the ECF system and upon all unrepresented parties by United States mail this 15th day of August 2008.

*/s/ Anthony M. Traini*
Anthony M. Traini