UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Christine Peabody; Michael Griggs;
Lauren Griggs; and C. Monica Griggs

Plaintiffs

VS. C.A. No.: 08-243 ML

Carol Rita Kimberly Griggs, Alias;
David Heal, Alias, individually and
in his capacity as purported Trustee of
the Irrevocable Trust estate of the late Glenn E. Griggs;
Deborah Griggs, Alias; Dan A. Griggs, Alias;
Edward L. Gerstein, Alias; Richard Bicki, Alias;
Edward Brayton, Alias; the Griggs & Browne Co, Incorporated;
Griggs & Browne Home Inspection Service, Inc.;
Griggs & Browne Services, Inc.;
Griggs & Browne Termite Control, Inc; John Does 1
through 10; Jane Roes 1 through 10; XYZ Corporations,
Partnerships, Limited Liability Companies, Trusts and/or
Enterprises 1 through 10

Defendants

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' [DAVID HEAL, EDWARD L. GERSTEIN AND RICHARD BICKI]**
**MOTION FOR JUDICIAL NOTICE PURSUANT TO F.R.Ev. 201**
**AND FOR OTHER APPROPRIATE RELIEF**

Defendants David Heal, Edward L. Gerstein and Richard Bicki have moved, pursuant to F.R.Ev. 201, that this Honorable Court take judicial notice of the matters listed in their Motion. These materials consist of judgments, orders, opinions, pleadings and transcripts all contained in the court files and made part of the record of the underlying state court litigation that forms the basis for, and is directly related to and inextricably intertwined with, the matter pending in this Court.

Defendants respectfully submit that the applicable law allows this Court to take judicial notice of all these documents, and that so noticed, the materials are available to the Court for use in consideration of the Defendants' Motion to Dismiss Pursuant to F.R.Civ.P. 12 without the risk of converting that motion into one for summary judgment pursuant to F.R.Civ.P. 56. It is the Defendants' intent to avoid an involuntary conversion that prompts this Motion for Judicial Notice.[1]

In Trans-Spec Truck Service, Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008), the First Circuit held that the district court had discretion to consider (or not) the supplemental material, and that it could (as it did in that case) choose to ignore that material and thereby not convert the motion into one under Rule 56, or vice versa. Therefore, the Defendants have requested that the court advise counsel which, if any, of the matters listed in their Rule 201 request the court will not judicially notice so that counsel will not append them to their Rule 12(b)(6) motion(s) or refer to them therein.

Defendants have additionally requested that the time for filing the Rule 12(b)(6) motions be extended until 14 days following the court's ruling on the within Motion for Judicial Notice.

MATTERS SOUGHT TO BE NOTICED

Defendants have requested the Court to judicially notice a series of documents contained in the files or made part of the record of the underlying state court litigation forming the core of the plaintiffs' various claims made here. The state litigation consists of at least six proceedings [two matters in the Warwick Probate Court, two in the Kent County Superior Court (specifically, de novo appeals from the Warwick Probate Court cases), and two in the Rhode Island Supreme Court

[1]Moving the court to take judicial notice of certain documents, particularly pleadings, judgments, orders, etc. in lower court files, as well as documents from a related SEC proceeding, was used effectively by the court in deciding motions to dismiss in In re Unumprovident Corp. Securities Litigation, 396 F.Supp.2d 858 (E.D.Tenn. 2005).

(appeals from the referenced decisions of the Superior Court)], all raising the same issues or otherwise directly related to or inextricably intertwined with the issues raised in the complaint in the present case.[2] The two seminal proceedings, those initiated in the Warwick Probate Court, are liberally referenced in the complaint here. See [as to the first proceeding], ¶¶ 191, 220, 270-278, and 304 and [as to the second proceeding], ¶¶ 210, 216, 244, 249-252, 254, 279-295, 304 and are central to the allegations made here.[3]

Defendants seek judicial notice of certain of the pleadings, judgments, orders, opinions and transcripts of the proceedings in the two lines of state litigation because, at bottom, the plaintiffs' claims here are nothing more than a rehash of the claims they advanced (and which were categorically rejected) and continue currently to press, in the state court. More specifically, defendants contend that consideration of the matters sought to be judicially noticed will (a) aid the court in its application of the Rooker-Feldman, res judicata and collateral estoppel doctrines, the statute of limitations (particularly with respect to the RICO claims), and the application of the litigation privilege, all of which preclude the plaintiffs' various claims; and (b) demonstrate that regardless of the characterizations of the claims, this complaint is nothing but an attempt to involve this court in a matter over which it either has no jurisdiction or as to which it should abstain from its exercise. It is, in effect, nothing more than a will contest gussied-up as a federal action.

[2]The first state court proceeding began in the Warwick Probate Court in October 2000, and is referred to throughout the underlying documents [and will continue to be referred to in the Rule 12(b)(6) motion and other pleadings] as "Griggs I". In that proceeding, two of the current plaintiffs here (Christine Peabody and Lauren Griggs) sought unsuccessfully to place their father, Glenn E. Griggs, under guardianship and to access his confidential healthcare and financial information in an effort to gain control of his assets. This blunted effort was also rebuffed on de novo appeal to the Kent County Superior Court and again on appeal to the Rhode Island Supreme Court. The second state court proceeding (referred to as "Griggs II"), began in June of 2003, with a petition for guardianship filed by one of the defendants here, Dan Griggs, Glenn's son, in order to return Glenn to his home after Glenn was removed by several of the plaintiffs here and sequestered for 11 days at the residence of Patricia Griggs (an ex-wife and mother of plaintiffs Lauren Griggs and Monica Griggs), where he was made to execute fraudulent documents changing control of certain of his assets, which documents were then presented to the Probate Court, again as part of a plan to take control of Glenn's companies (the corporate defendants in this case). Dan's petition was successful and attempts by the plaintiffs to overturn that result were denied in the Superior Court and the Supreme Court.

[3]Additionally, the Warwick Probate Court is identified in the complaint as a RICO enterprise. See, Complaint ¶286.

THE APPLICABLE LAW

Historically, in considering Rule 12(b)(6) motions, courts have been permitted to take judicial notice of public records, which include the filings and documents contained in the state court files of related litigation.[4] E.I. DuPont de Nemours & Co. v. Cullen, 791 F.2d 5, 7 (1st Cir. 1986); Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993).[5] In fact, the First Circuit has itself specifically taken judicial notice of Rhode Island Superior Court proceedings for res judicata purposes on a motion to dismiss. See, D'Amario v. Butler Hospital, 921 F.2d 8, 9-10, fn. 1 (1st Cir. 1990).

> In deciding a motion to dismiss, however, a court is not always limited to the facts alleged in the plaintiff's complaint. The First Circuit Court of Appeals has adopted a "practical, commonsense approach" for determining what materials may be properly considered on a motion to dismiss. *Beddall v. State St. Bank & Trust Co., 137 F.3d 12, 16 (1st Cir*.1998). Under this approach, a court may consider not only the complaint, but also the "facts extractable from documentation annexed to or incorporated by reference in the complaint and matters susceptible to judicial notice." *Jorge v. Rumsfeld*, 404 F.3d 556, 559 (1st Cir. 2005). In addition, when a "complaint's factual allegations are expressly linked to--and admittedly dependent upon--a document (the authenticity of which is not challenged), that document effectively merges into the pleadings." *Beddall, 137 F.3d at 17*; *see also Jorge*, 404 F.3d at 559 ("Moreover, the district court appropriately may consider the whole of a document integral to or explicitly relied upon in a complaint, even if that document is not annexed to the complaint.").
>
> Roy v. General Electric Co., 544 F.Supp.2d 103, 107 (D.R.I. 2008).[6]

[4]Even in a non-"judicial notice" context, the First Circuit has found that documents integral to the case may be considered in order to give effect to the purpose of the 12(b) motion. See, Beddall v. State Street Bank and Trust Company, 137 F.3d 12, 16-17 (1st Cir. 1998) (an agreement between the parties not appended to the Complaint but referred to therein and upon which the Complaint's claims were based was critical and subject to consideration on the Rule 12 motion).

[5]See also, Mississippi Public Employee Retirement System v. Boston Scientific Corp., 523 F.3d 75, 86 (1st Cir. 2008); Lacedra v. Donald W. Wyatt Detention Facility, 334 F.Supp.2d 114, 121 fn. 1 (D.R.I. 2004).

[6]This court has also so held. See, Alfieri v. Koelle, 2007 WL 966745, *6 (D.R.I. 03/29/07); Barber v. Verizon New England, Inc., 2005 WL 3479834, *1 fn. 1 (12/20/05).

It has also long been held that while a court may take judicial notice of these records generally, this principle has been specifically applied to a transcript of a state court proceeding in deciding a Rule 12(b) motion in the federal court.[7] See, Locicero v. Leslie, 948 F.Supp. 10, 12 (D.Mass. 1996):

> Despite the parties' arguments, it is not necessary for this Court to convert the motion to dismiss to a motion for summary judgment. This Court may take judicial notice of the transcript as a public record and may rely on that record in determining these motions to dismiss under rule 12(b)(6). *See Watterson v. Page*, 987 F.2d 1, 3 (1st Cir.1993) (stating that court may, in deciding motion under Fed.R.Civ.P. 12(b)(6), consider official public records); *Branch v. FDIC*, 825 F.Supp. 384, 398 n. 8 (D.Mass.1993) (Young, D.J.) (stating "it is well established that a district court may take judicial notice of public records or indisputably authentic documents on a 12(b) motion without converting even a 12(b)(6) motion into one for summary judgment.") If this Court were to ignore the transcript, it would diminish the value and significance of the prior judicial proceedings.

See also, Warren Freedenfeld Associates, Inc. v. McTigue, 531 F.3d 38, 44 (1st Cir. 2008). Likewise, ". . . a court ordinarily may treat documents from prior state court adjudications as public records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir.1994) (collecting cases)." Boateng v. Interamerican University, Inc., 210 F.3d 56, 60 (1st Cir.), cert.denied, 531 U.S. 904, reh.denied, 531 U.S. 1032 (2000). See also, Greene v. Rhode Island, 398 F.3d 45, 48-49 (1st Cir. 2005).[8] The First Circuit has found that this procedure is appropriate in determining any claim that may fairly be raised on a motion to dismiss, including those involving affirmative defenses. Rodi v. Southern New England School of Law, 389 F.3d 5, 12 (1st Cir. 2004). In fact, the First Circuit has held that courts are required to consider matters susceptible to judicial notice

---

[7] See, e.g., Wilson v. Sigler, 285 F.2d 372, 373 (8th Cir. 1961). See also, e.g., Marczeski v. Handy, 213 F.Supp.2d 135, 137-138, fn. 4 (D.Conn. 2002).

[8] See also, Rasheed v. Duval, 57 F.3d 1061, *1 (1st Cir. 1995)(unpublished opinion):

> a court may look to matters of public record in ruling on a motion under Fed. R. Civ. P. 12(b)(6) without converting the motion into one for summary judgment. *Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993). Courts have routinely regarded documents from prior state court cases as public records. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (collecting cases); 5A Wright & Miller, *Federal Practice and Procedure* § 1364, at 475-80 (1990) (court judgments and orders, judicial notice of prior pleadings, and transcripts of prior court proceedings, among other evidence, may be taken into account in deciding a Rule 12(b)(6) motion).

in ruling on 12(b) motions. See, e.g., In Re Colonial Mortgage Bankers Corporation, 324 F.3d 12, 15-16 (1st Cir. 2003).[9] See also, Burns v. Conley, 526 F.Supp.2d 235, 241 (D.R.I. 2007).

Here, the documents sought to be included are authentic, and they may legitimately find their way to the court as attachments to the motion to dismiss. See, e.g., Christensen v. Kingston School Committee, 360 F.Supp.2d 212, 215 (D.Mass. 2005).[10] There is also no question here of notice to plaintiffs [see, Barkan v. Dunkin' Donuts, Inc., 520 F.Supp.2d 333, 336 (D.R.I. 2007)], since they were either aware of or participants in the underlying state proceedings in which these documents were generated. The documents subject to the request made here are official records of the state courts and their authenticity cannot be challenged. Moreover, a judicially noticed document, if referenced in the complaint to support a plaintiff's claim, may be examined to determine if it contradicts not only legal conclusions but also plaintiff's factual claims. See, Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, 181 F.3d 410, 426-427 (3d Cir. 1999).

In a recent case strikingly similar to this one, a federal district court considered, in conjunction with a Rule 12(b) motion, a compendium of documents from related underlying state court proceedings in a matter where, as here, the plaintiff sought to litigate, in federal court, (recharacterized) divorce claims in which he had been consistently unsuccessful in the state court (where the litigation had consumed ten years). See, Catz v. Chalker, 2006 WL 2547304 (D.Ariz. 08/31/06). In the federal court action, the plaintiff sued his former wife, as well as her divorce attorneys, and a number of others (including the clerk of the state court and two of its judges), in an

[9] Accord, Gargano v. Belmont Police Department, 476 F.Supp.2d 39, 41 (D.Mass. 2007).

[10] In a matter very similar to the instant case, one court considered most of the same types of documents, including transcripts and a variety of other materials from state court proceedings in ruling on a motion for judgment on the pleadings, and thoroughly examined and explained matter. See, Continental Coal, Inc. v. Cunningham, 511 F.Supp.2d 1065, 1070-1071 (D.Kan. 2007).

effort to relitigate and avoid the results of years of adverse state court litigation. One of the claims was that the original divorce decree was obtained by fraud.

Defendants there filed a motion to dismiss pursuant to Rule 12(b)(6), to which was attached a binder of documents taken from the underlying state court files, and plaintiff responded with a motion to convert the Rule 12(b)(6) motion into a motion for summary judgment and to require defendants to file a statement of factual issues not in dispute. Defendants replied that the documents in their appendix were judicially noticeable and subject to consideration on the 12(b)(6) motion. The district court agreed and denied plaintiff's motion to convert. There, as here, many of the issues in the case were subject to claim preclusion because of the overlap in the various proceedings occurring over the years in the various state and other federal courts.

Defendants submit that the same circumstances are present here. As will be seen from the Rule 12(b)(6) motion, this complaint, in addition to numerous violations of Rules 8, 9(b) and 12(f), suffers from significant defects which make it subject to dismissal for a variety of reasons and under various legal theories, including without limitation, application of the Rooker-Feldman doctrine, res judicata, collateral estoppel, statute of limitations and failure of essential elements (as to the RICO claims), lack of standing, absence of jurisdiction and no duty, and the application of the litigation privilege. Where, as here, the viability of most of the plaintiffs' claims depends on what occurred in the state court proceedings, the documents are properly considered. See, e.g., Alternative Energy, Inc. v. St. Paul Fire and Marine Insurance Co., 267 F.3d 30, 34 (1st Cir. 2001):

> Under First Circuit precedent, when "a complaint's factual allegations are expressly linked to--and admittedly dependent upon--a document (the authenticity of which is not challenged)," then the court can review it upon a motion to dismiss. *Beddall, 137 F.3d at 17*. Since the appellants' complaint fails to state a claim unless appellee retains some measure of liability, which depends upon the interpretation of the 1998 Settlement Agreement, the district court properly considered the agreement in granting defendant's motion to dismiss. Having determined that the 1998 Settlement Agreement became part of the pleadings for the motion to dismiss, we next address the meaning of the release.

The plaintiffs' true cause of action (if any), undisguised by their misguided efforts to make it a part of this court's milieu, has been and continues to be litigated in the state courts. The documents of which the court should take judicial notice and consider with the Rule 12(b)(6) motion will enable it to dispose of this matter quickly and efficiently.

WHEREFORE, defendants respectfully request that relief requested in their Motion For Judicial Notice and Other Appropriate Relief be granted.

Respectfully submitted,
Edward L. Gerstein and Richard Bicki
By Their Attorney,

*/s/ Anthony M. Traini*
Anthony M. Traini (#4793)
56 Pine Street – Suite 200
Providence, RI 02903-2819
Tel. (401) 621-4700
Fax (401) 621-5888
E-mail:amt@atrainilaw.com

David Heal, individually and in his capacity as the Trustee of Glenn E. Griggs Trust,
By and through his attorneys,

*/s/ Michael J. Lepizzera*
Lepizzera & Laprocina Counselors at Law, Ltd.
Michael J. Lepizzera, Jr. #4995
301 Metro Center Blvd. Suite 102
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 384-6950
Email: mlepizzera@leplap.com

CERTIFICATE OF SERVICE

A copy of this pleading has been served upon all counsel of record via the ECF system and upon all unrepresented parties by United States mail.

*/s/ Anthony M. Traini*
Anthony M. Traini