**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Christine Peabody; Michael Griggs; Lauren Griggs; and C. Monica Griggs<br>Plaintiff(s)<br><br>v.<br><br>Carol Rita Kimberly Griggs, Alias; David Heal, alias, individually and In his capacity as purported Trustee of The Irrevocable Trust Estate of the late Glenn E. Griggs; Deborah Griggs, alias; Dan A. Griggs, alias; Edward L. Gerstein, alias; Richard Bicki, alias; Edward Brayton, alias; the Griggs & Browne Co., Incorporated; Griggs & Browne Home Inspection Service, Inc.; Griggs & Browne Services, Inc.; Griggs & Browne Termite Control, Inc.; John Does I through 10; Jane Does 1 through 10; XYZ Corporations, Partnerships, Limited Liability Companies, Trusts and/or Enterprises 1 through 10<br>Defendant(s) | C.A. 08-243 ML |

**<u>MEMORANDUM OF LAW IN SUPPORT OF RESPONSE OF DEFENDANTS EDWARD L. GERSTEIN AND RICHARD BICKI IN OPPOSITION TO PLAINTIFFS' EMERGENCY MOTION TO TAKE AND PERPETUATE TESTIMONY OF DAVID J. AUBIN</u>**

Defendants Edward L. Gerstein ("Gerstein") and Richard Bicki ("Bicki") have objected to Plaintiffs' Motion to Take and Preserve Testimony of David J. Aubin. In support thereof, defendants state the following:

1. On or about August 20, Plaintiffs filed with this Court <u>Plaintiffs' Emergency Motion To Take and Perpetuate Testimony of David J. Aubin</u> [Docket No. 28].[1]

[1]The motion was referred to this Court on August 21, 2008 (<u>see</u>, Docket Text).

2. The motion alleges that plaintiffs' request (a) comports with the discovery rules and (b) is necessary to conserve resources. Additionally, plaintiffs attempt to justify their request on the grounds that had the defendants not sought and received from plaintiffs consents and stipulations regarding certain enlargements of time to respond to the complaint, the discovery deadlines sought to be abrogated by the motion would not bar the taking of the deposition in the ordinary course, and that plaintiffs have extended multiple courtesies to defendants by way of these stipulations and consents.

Defendants object to plaintiffs' motion for the following reasons:

1. Plaintiffs' representations concerning the applicability of the discovery rules are simply wrong. The rules provide the following: F.R.Civ.P. 30(a)(2), upon which plaintiffs premise their request, applies in this case through F.R.Civ.P. 26(d), subject to certain exclusions (inapplicable here) carved out by subsections 30(a)(2)(A)(iii) and 30(a)(2)(B).[2]

Plaintiffs attempt to satisfy the requirements of Rule 26(d) by suggesting that time for the Rule 16 conference would have already arrived if defendants had responded to the complaint within the original 20-day period.[3] Rule 26(d)(1) limits discovery to circumstances in which the parties have not yet conferred pursuant to F.R.Civ.P. 26(f). Rule 26(f)(1) provides that the parties must confer at least 21 days prior to a scheduling conference or the due date for a [F.R.Civ.P.] Rule 16(b) scheduling order. Reading Rule 26(f)(1) in conjunction with Rule

---

[2]The first exclusion [30(a)(2)(A)(iii)] is inapplicable because the motion does not allege (nor can it) "that the deponent is expected to leave the United States and be unavailable for examination in this country after that time". Likewise, the second exclusion [30(a)(2)(B)] is inapplicable because the motion does not allege (nor can it) that "the deponent is confined in prison."

[3]LR Cv 26(a) provides that the Rule 26(f) conference occur within 10 days of the filing of the <u>last</u> answer or responsive pleading by all parties against whom claims have been asserted. Since the plaintiffs have failed to effectuate service on one of the defendants, Mr. Brayton [as no return of service has been filed with the Court], the Rule 26 clock has not even started to run. As to all the defendants who have been served, plaintiffs are well aware that they will be filing Motions to Dismiss pursuant to Rule 12(b)(6) rather than answers to the complaint. <u>See</u> footnotes 5, 9 and 11, below.

16(b)(1) and (2), it appears that leave of court would have been required for the taking of this deposition at least for a period of 90 days following the appearance of any defendant, regardless of whether the time to respond to the complaint had been extended. According to the docket, both defendants entered through their counsel on June 30, 2008, when the court held a chambers conference on plaintiffs' "emergency" motion for a temporary restraining order (which motion was summarily denied).[4] The court is therefore not yet required to enter a scheduling order or hold a Rule 16 conference.

2. There is no factual justification for the motion. As a factual basis, plaintiffs have merely stated that the deponent happens to be in Massachusetts on vacation and it would be more convenient to take his deposition before he returns to his home in Florida. Moreover, plaintiffs could have sought leave to take this deposition under F.R.Civ.P. 27(a) before they filed the complaint but apparently chose not to do so. Additionally, there is no inkling in the motion as to what the proposed testimony would be.[5] This is wholly inadequate.

(a) plaintiffs state that the deponent "is believed" to have relevant and material information. Without attempting to discern whether the "is believed" applies to whether the deponent has the information or whether the information is relevant and material, this should not be an "is believed" issue.[6] Plaintiffs filed a <u>verified</u> complaint alleging serious violations of

---

[4]Like the present motion, the TRO motion was not an "emergency" either.

[5]In reading the portions of the complaint in which the deponent is mentioned, certain allegations appear to be sourced to him, suggesting that the plaintiffs may have spoken to him prior to drafting the complaint. This raises several other questions, such as (a) why there is no affidavit from the deponent attached to the complaint (as is the case with other individuals); (b) why this "witness" was not deposed prior to the filing of the complaint pursuant to Rule 27; and (c) (as is evident from the allegations apparently sourced to this witness) why and how anything this "witness" has to say would be admissible at trial. It is likely, however, since the request to take the witness' deposition did not surface until well after the complaint was filed but (coincidentally) immediately after the filing of the stipulation to extend the time for filing the defendants' Rule 12(b) motion, that the real purpose of the deposition is to create material to be used in an effort to convert defendants' Rule 12(b) motion into one for summary judgment.

[6]Plaintiffs simultaneously characterize the deponent as a "material witness whose [unidentified] testimony is indispensible."

criminal statutes by the defendants. They had a responsibility to conduct a thorough pre-filing inquiry and to determine, in advance of filing the complaint, that what they now say "is believed" is actually true.

The allegations of the complaint suggest on their face that the witness' testimony is irrelevant and immaterial to the issues raised. The deponent is mentioned in paragraphs 38-41, 44, 75-84, 109, 116, 153, 297, 374, 449, 489 of the complaint. By its own terms (as well as in the motion itself), he is alleged to have retired from Griggs & Browne in 1985—more than 15 years before either of these

defendants is alleged to have engaged in any of the conduct attributed to them. To the extent the deponent had any contact with the companies, the relevant allegations are made on information and belief; however, there is no statement as to the source of the information or any reason to believe it. This "information" (even if relevant) should have been obtained by the plaintiffs prior to filing the complaint.

For example, the allegations in paragraphs 75-84 have no time frame associated with them and are all made "upon information and belief", with no statement as to the source of the information or the reason it is believable. Paragraph 109 mentions the deponent, but only in the context of information he did not provide. Paragraph 116 relates the observations of another person about the deponent at a time prior to his retirement from Griggs & Browne, i.e., prior to 1985. Paragraph 153 involves the deponent (again during the period prior to 1985) in the same illegal conduct that led to the firing of plaintiff Michael Griggs. Paragraph 197 alleges that the deponent was named as one of two Trustees in a trust document executed by Mr. Griggs in 1990—at least 10 years before either of these defendants enters the picture—but the complaint makes no allegations as to what that trust provided for (in relation to the plaintiffs); the trust document is not attached to the complaint (although the allegations concerning it certainly

indicate that plaintiffs have seen it or are in possession of it); and there are no allegations in the complaint as to how the deponent's having been named as a trustee, years before these defendants enter the picture, in a document whose provisions are not mentioned or described, and whose current validity is not even alleged, could possibly be relevant to the claims made in the complaint. Even the allegations in the motion that the witness "continued to provide consulting services" until 1999 still terminates his contact with the companies and Mr. Griggs before either of these defendants enters the picture (in the year 2000).

Particularly in light of the fact that plaintiffs could have sought leave of this court to take this deposition before they filed the complaint, they should not now be heard to say that they wish to take this deposition because it "is believed" that this witness has valuable information.

(b) There is no "emergency" with respect to taking this deposition even if the deponent had relevant information. There is no suggestion, let alone an allegation that the deponent is in imminent danger of death or other unavailability, that he is of advanced age, that he has any health issues that might in any way affect his presence or testimony at a later date, that his mental condition may be weakening, that he is about to leave the country (not merely Massachusetts) and not return, or that there is any other reason that his deposition cannot be taken in the ordinary course (assuming the case survives the Motion to Dismiss). He is simply alleged to be in "vacationing in Massachusetts" at the moment and it would therefore be "convenient" to take his deposition before he returns home to Florida.[7] Convenience,

[7]Plaintiffs make the point in their motion that this procedure would "result in conservation of resources and minimization of expense." This is rather incongruous, since none of the plaintiffs has yet expended his or her own funds during the course of the underlying state litigation in pursuit of any of the same relief sought here. During depositions taken in the state litigation from at least two of the plaintiffs in this case, it was discovered that virtually all the legal fees and expenses of the state litigation (conducted over the past 8 years) have been paid by one Paul Gonya, who is also believed to be financing the present litigation on behalf of the plaintiffs. Gonya is the brother of one of the defendants here, Carol Griggs, and has for years been involved in vexatious litigation with his sister, both in the Rhode Island state courts [see, Paul Gonya, et al v. Carol Kimberly, a/k/a Carol Kimberly Griggs, Providence County Superior Court, no. PC-99-4697, Paul Gonya v. Metropolitan Life Ins. Co., et al, Providence County Superior Court no. PC-99-4822], and before this court itself [see, Sun Life Assurance Co. of Canada (U.S.) v.

particularly in light of the facts and circumstances of this proceeding, is simply not sufficient to warrant the relief sought. Compare, e.g., Corvello v. New England Gas Co., 2007 WL 3003369, *1 (D.R.I. 10/11/07).

Ordinarily, courts apply a "good cause" standard to such requests [see, e.g., Disability Rights Council Of Greater Washington et al. v. Washington Metropolitan Area Transit Authority, 234 F.R.D. 4, 6-7 (D.D.C. 2006); Dimension Data North America, Inc. v. Netstar-1, Inc., 226 F.R.D. 528, 531-532 (E.D.N.C. 2005)], and the party seeking expedited discovery bears the "burden of showing good cause for the requested departure from usual discovery procedures." Qwest Communications International, Inc. v. Worldquest Networks, Inc., 213 F.R.D. 418, 419 (D.Colo. 2003). See also, Platinum Manufacturing International, Inc. v. Uninet Imaging, Inc., 2008 WL 927558, *1 (M.D.Pa. 04/04/08)(burden on movant to demonstrate good cause; good cause not shown); Diplomat Pharmacy, Inc. v. Humana Health Plan, Inc., 2008 WL 2923426 (W.D.Mich. 07/24/08)(same). That standard cannot be met here.[8] See, e.g., Borom v.

---

Conroy, 2006 WL 561500]. It was also discovered during depositions of one of the instant plaintiffs taken in the state litigation that the ubiquitous Mr. Gonya expressed to another of these plaintiffs, Michael Griggs, an interest in acquiring the Griggs & Browne companies.

Since plaintiffs are not footing their own bill, and since the defendants are willing to travel to Florida to take Mr. Aubin's deposition, if and when it ever becomes necessary to do so, plaintiffs' "concerns" about "conserving expense" are not only disingenuous, but unfounded.

[8]Since plaintiffs cannot meet the (less stringent) "good cause" standard, they can certainly not meet the (more stringent) standard employed by some other courts, including the Southern District of New York. See, e.g., Don King Productions, Inc. v. Hopkins, 2004 WL 2997800 (S.D.N.Y. 12/23/04):

> While a district court possesses the inherent power to control its own docket and calendar, *see, Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936), the following four factors should be considered when analyzing a request for expedited discovery:
>
> (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.[FN2]
>
> FN2. Beyond this District, some courts apply a "good cause" standard requiring plaintiff to show any good cause for expedited discovery and deferring to the trial court's broad discretion in discovery matters. *See*, *Special Situations Cayman Fund, L.P. v. Dot Com Entm't. Group, Inc.*, No. 03 Civ. 0811E(F), 2003 WL 23350128, at *1 n. 7 (W.D.N.Y.

Town of Merrillville, 207 WL 1797639, *5-6 (N.D.Ind. 06/19/07) [plaintiff denied leave to take deposition prior to Rule 26(f) conference where only ground for request was that deponent was in his eighties and there were no facts stated that his health was deteriorating or he would otherwise not be available later, and there was no indication of expected testimony]; Certain Underwriters at Lloyd's v. Frichelle Ltd., 1996 WL 125957, *1 at fn. 3 [defendant's motion to take deposition prior to Rule 26(f) conference denied where pre-conference scheduling was convenient only to defendant's counsel but not plaintiffs' counsel].

3. Plaintiffs' suggestion that since the rules would have allowed the deposition had it not been for the consents or stipulations to defendants' requests for enlargements of time to respond to the complaint, plaintiffs should receive the benefit of some sort of "reciprocal courtesy", is misguided.

Plaintiffs are (and have always been) aware that defendants' response to the complaint will not be an answer but instead will be a lengthy Motion to Dismiss pursuant to Rule 12(b)(6).[9]

---

Dec. 5, 2003) (comparing the two different standards). Regrettably, the parties did not discuss either standard.

*Gidatex, S.R.L. v. Campaniello Imps., Ltd.*, 13 F.Supp.2d 417, 420 (S.D.N.Y.1998) (quoting *Lentjes Bischoff GmbH v. Joy Envtl. Techs., Inc.*, 986 F.Supp. 183, 188 (S.D.N.Y.1997)); *see also*, *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y.1982). Moreover, the Court may apply two additional considerations: whether the request is narrowly tailored given the time restraints and whether the movant could have avoided such restraints by acting prior to the request. *See*, *Irish Gay and Lesbian Org. v. Giuliani*, 918 F.Supp. 728, 730-31 (S.D.N.Y.1996).

In this case, the court has already determined that there is no irreparable injury by denying the "emergency" motion for a temporary restraining order. There is no probability of success on the merits. See, footnote 9, below. Since there is no irreparable injury, there can be no connection between the expedited discovery and avoiding such injury. And since no injury can result from failure to grant the expedited discovery, there can necessarily be no injury greater than that which the defendants would suffer if the relief were granted. Additionally, plaintiffs could have avoided this motion entirely had they acted before the complaint was filed (assuming the actual existence of sufficient exigency).

[9]LR Cv 26 provides that while the Rule 26(f) conference should be held within ten (10) days from the filing of the last answer or responsive pleading by a party against whom a claim is made, it also provides "that if in lieu of an answer, a motion is filed that, if granted, would dispose of the entire case, the time for the parties' conference may be deferred until not later than ten (10) days after such answer or pleading is thereafter filed." This language suggests that the court should have the opportunity to rule on the case-dispositive motion first, and if it is denied, an answer or responsive pleading would be required to be filed, whereupon the ten-day period would then begin to run. Since that would trigger the Rule 26(f) conference, there would have been no occasion for the deadlines to have

Therefore, this discovery request is not ripe for consideration until the court has determined whether the case will even proceed.[10] It is not unusual in cases like this for discovery to be stayed pending resolution of a motion to dismiss. See, e.g., Gray v. Derderian, 400 F.Supp.2d 415, 420 (D.R.I. 2005); see also, Brown v. Mississippi Valley State University, 311 F.3d 328, 330-331 (5th Cir. 2002). This is true particularly where the motion alleges lack of subject matter

---

elapsed if the enlargements of time had not been sought or granted because plaintiffs have at all times been aware that all defendants intend to file a Motion to Dismiss rather than a responsive pleading. See also footnote 3, above.

[10]Plaintiffs filed a complaint and two attached exhibits consisting of 91 pages, alleging 17 causes of action (including civil RICO) and seeking declaratory and injunctive relief in 535 paragraphs describing in the most amorphous and vague terms, albeit in scandalous and defamatory language, the conduct of dozens of individuals spanning decades. Defendants respectfully suggest that their Motion to Dismiss pursuant to F.R.Civ.P. 12(b)(6) will demonstrate the speciousness of the complaint because:

(1) There is likely no Article III jurisdiction since (in this non-diversity case) plaintiffs cannot sufficiently allege an injury without prior determination of a claim over which the court has no (or, if any, only pendent) jurisdiction.

(2) Plaintiffs' claims are barred by the Rooker-Feldman doctrine, as well as by other forms of claim preclusion including collateral estoppel and res judicata. As the court will learn from the Motion to Dismiss, the core claims made in Plaintiffs' complaint have been and continue to be the subject of state court litigation that has been ongoing for the past eight (8) years. And as the court may glean from even a cursory review of the Defendants' [David Heal, Edward L. Gerstein and Richard Bicki] Motion For Judicial Notice Pursuant to F.R.Ev. 201 [Docket No. 24], these underlying proceedings have been extensive and have resulted in numerous rulings, findings, judgments, orders and opinions concerning every aspect of the claims raised in Plaintiffs' complaint, set forth in hundreds of pages of pleadings and litigated in dozens of hearings. There is no question that the issues raised in the complaint are "inextricably intertwined" with the previously-litigated state court proceedings and will fall under the Rooker-Feldman umbrella. See, e.g., Cesario v. Bergquist, 2006 WL 587598, *2-3 (D.R.I. 03/10/06); Narragansett Indian Tribe of Rhode Island v. Banfield, 294 F.Supp.2d 159, 171-174 (D.R.I. 2003).

(3) the RICO and Title III claims (which are the underpinning of federal jurisdiction [if any]) are barred by their respective statutes of limitations. The motion to dismiss will demonstrate that it is clear from the face of the complaint that the four-year statute of limitations has run on Plaintiffs' RICO claims. See, Lares Group II v. Tobin, 221 F.3d 41 (1st Cir. 2000), applying Rotella v. Wood, 528 U.S. 549 (2000). The judicially noticeable records of the prior proceedings referenced in the Rule 201 Motion will show that the two-year statute of limitations applicable to the Title III claims has run as well. See, e.g., Davis v. Zirkelbach, 149 F.3d 614, 618 (7th Cir. 1998); DIRECTV, Inc. v. Brady, 2004 WL 1752853, *5 (E.D.La. 08/04/04).

(4) the fraud claims, particularly those raised in the RICO counts, will require dismissal for failure to comply with F.R.Civ.P. 9(b). It is impossible to catalogue here the plethora of Rule 9(b) violations in this complaint. In a pleading that sounds entirely in fraud, there are virtually no fraud allegations that contain any specificity at all as to "time, place and content of an alleged false representation." See, Jenkins v. Mullen, 2006 WL 909483, *1 (D.R.I. 04/07/06);

(5) the RICO counts suffer from every conceivable pleading defect that can apply to RICO, including failure to identify the enterprise, failure to establish a pattern of racketeering activity, conflation of (a) the enterprise (if any) and the defendants and (b) the enterprise(if any) and the pattern of racketeering activity (if any), failure of predicate acts, failure to allege an investment injury, failure of proximate cause and lack of standing. See, e.g., DeMauro v. DeMauro, 215 F.3d 1311 (1st Cir. 2000); Doyle v. Hasbro, Inc., 103 F.3d 186 (1st Cir. 1996);

(6) the Title III claims suffer from lack of standing and reasonable expectation of privacy. See, e.g., Minnesota v. Carter, 525 U.S. 83 (1998);

(7) the pendent state claims are all subject to dismissal for a variety of reasons, including lack of standing, lack of duty, and non-existence of a cause of action. Moreover, this is a case that militates strongly in favor of the

jurisdiction. See, e.g., American Telephone & Telegraph Co. v. IMR Capital Corp., 888 F.Supp. 221, 248 (D.Mass. 1995)(referring to such an order entered earlier in the same case); and Catalytic Industrial Maintenance Co. v. Compton, 333 F.Supp. 533, 535-536 (D.P.R. 1971)(same).

More to the point, however, a specific "quid pro quo" was extracted by plaintiffs for their consent to the most recent enlargement of time for defendants to file their Rule 12(b)(6) motion: an agreement by defendants to extend the safe harbor period under Rule 11 with respect to a Motion For Sanctions served upon plaintiffs' counsel on August 1, which period would otherwise have expired on August 22. Defendants agreed to the enlargement of the safe harbor period because they believed that plaintiffs' request for that enlargement was predicated on defendants' recent filing of their Motion For Judicial Notice Pursuant to F.R.Ev. 201 [Docket No. 24], requesting the court to take judicial notice of nearly 200 documents including pleadings, opinions, judgments, orders and decisions of the Warwick Probate Court, Kent County Superior Court, and Rhode Island Supreme Court, as well as dozens of transcripts from the underlying state court proceedings that form the core of plaintiffs' claims.[11] Defendants' agreement to extend the Rule 11 safe harbor period was the consideration for the enlargement of time within which to file their 12(b)(6) motion. There is therefore no occasion for a "reciprocal" extension of courtesy to embrace plaintiffs' current motion.

---

court's exercise of its discretion not to exercise supplemental jurisdiction over the state claims. See, D'Oliviera v. Rare Hospitality International, Inc., 150 F.Supp.2d 346, 355-356 (D.R.I. 2001).

[11]The Rule 201 motion is pending and plaintiffs' response is not due until September 2. Everything for which judicial notice is sought should ordinarily have been reviewed as part of any reasonable pre-filing inquiry pursuant to Rule 11. Plaintiffs have been advised that not only do Defendants intend to vigorously advocate dismissal of the complaint in their 12(b)(6) motion, but that they will be seeking Rule 11 sanctions (including dismissal of the complaint with prejudice) as well, because of, inter alia, the utter lack of the pre-filing inquiry required by the rules. Defendants agreed to the extension of the Rule 11 safe harbor period in return for the enlargement of time to file their Rule 12(b)(6) motion because they believed that plaintiffs would take advantage of the opportunity to review the material referenced in the Rule 201 motion, and then revisit (and hopefully reconsider) their earlier decision not to withdraw the complaint.

Finally, defendants would be prejudiced by the granting of plaintiffs' motion at this time. They have not had the benefit of any discovery, such as interrogatories, that would normally precede a deposition of such an "important" witness, and certainly cannot discern from the rambling and vague allegations of the complaint or the dearth of information in the motion how to prepare for cross-examination. Moreover, defendants should not be compelled to prepare for and participate in a deposition—particularly one of an "indispensible" witness—in the midst of their preparation of an extensive Rule 12(b)(6) motion raising serious and complex issues.[12]

Aside from the fact that there is clearly no emergency or danger of any kind of losing this "indispensible" witness or his allegedly material (but completely unspecified) testimony, defense counsel are presently immersed in preparing a case-dispositive motion that will likely terminate the litigation, and should not be compelled to be distracted by a time-consuming and disingenuous discovery request.

WHEREFORE, in light of the foregoing, Defendants respectfully request that the Plaintiffs' Emergency Motion To Take And Perpetuate Testimony Of David J. Aubin be denied.

Respectfully submitted,

*/s/ Anthony M. Traini*
Anthony M. Traini, Esq. (#4793)
56 Pine Street
Providence, RI 02903
Tel: (401) 621-4700
Fax: (401) 621-5888
amt@atrainilaw.com
*Counsel for Defendants*
*Edward L. Gerstein and Richard Bicki*

Dated: August 29, 2008

CERTIFICATION OF SERVICE

I, Anthony M. Traini, hereby certify that service of the within pleading was made through the ECF system upon all counsel of record.

[12]See footnote 10, above.

*/s/ Anthony M. Traini*