# EXHIBIT A

STATE OF RHODE ISLAND
COUNTY OF Kent

PROBATE COURT OF THE
City of Warwick

Estate of Glenn E. Griggs

Docket # 2000-418

## REPORT OF THE GUARDIAN AD LITEM

Now comes (Name of Guardian Ad Litem) Karl F. Kilguss

For (Name of Proposed Ward) Glenn E. Griggs and reports that on (Date) 11/07/00 I personally visited the proposed ward at (Address) 500 Nausauket Road, Warwick, RI. I explained to (Name of Proposed Ward) Glenn E. Griggs the following: The nature, purpose and legal effect of the appointment of a guardian:

The hearing procedure, including, but not limited to, the right to contest the petition, to Request limits on the guardian's powers, to object to a particular person being appointed guardian, to be present at the hearing, and to be represented by legal counsel;

The name of the person known to be seeking appointment as guardian: Based on such visit and the respondent's reaction thereto, I make the following determination regarding the respondent's desire to be present at the hearing, to contest the petition, to have limits placed on the guardian's powers and respondent's objections, if any to a particular person being appointed guardian.

Mr. Griggs clearly wishes to contest the petition in its entirety, including the appointment of the proposed guardians. He is presently represented by Attorney Edward L. Gerstein who was present when I visited Mr. Griggs on November 7, 2000, along with his daughter, Debrah Griggs.

Based on my review of the petition, the decision-making assessment tool, my interview with the prospective guardian, my visit with the respondent, and interviews and discussions with other parties, I made the following additional determinations:

Regarding whether the respondent is in need of a guardian of the type prayed for in the petition:

See Exhibit A

Regarding whether the guardian ad litem has, in the course of fulfilling his or her duties, discovered information concerning the suitability of the individual or entity to serve as such guardian.

No information concerning the suitability of the individuals willing to serve as guardian has been discovered at this time.

Respectfully submitted,

Name of Guardian Ad Litem
Karl F. Kilguss

11/15/00
Date

Exhibit A

During my visit with Mr. Griggs, I asked him some questions concerning his understanding of the petition before the Court. His answers made it clear that he did understand that the petitioners, if appointed guardians by the Court, would have the power to make decisions on his behalf regarding financial and health care matters and would also make any necessary decisions as to his living conditions.

I also asked Mr. Griggs about his daily life. He told me he drives himself on his errands, does all his own shopping for groceries and other household necessities and prepares all his own meals. I saw no evidence Mr. Griggs was neglectful in his appearance and his property seemed well kept. He knew the details of his move to his present home located at 500 Nausauket Road, Warwick, RI some 2 to 3 years prior.

There were a couple responses which did give me pause. I asked him how many children he has and he told me there are six children, but he was not able to tell me their names. He also could not remember the name of the Doctor who gave him his prescriptions for medications relating to a broken foot which he had suffered a few months prior while walking along the rocks by the beach in front of his house.

The Decision Making Assessment Toll, attached to the petition, Dr. Stoucides circled "Severe" for Impairment In Comprehension/Speech (section B, 4, (C)). Dr. Stoucides also circled "Severe Impairment" for Memory (section B, 1, (c)). During my interview on November 7th, Mr. Griggs did indicate he had trouble getting the words out at times.

Mr. Griggs responses to my questions were, for the most part, pretty clear. However, there were the two non-answers concerning the names of his children and Doctor. There were several times, during the course of my visit, when Mr. Griggs seemed to be struggling to articulate his words and verbalize his thoughts. I am not able to determine whether his inability to answer was attributable to his speech impairment or a memory impairment. I have no medical background which enables me to make such a distinction. Therefore, I would recommend further medical inquiry to determine the nature and extent of these impairments.

During the course of my investigation, I also discovered that there are some estate planning tools in effect at this time. Edward Gerstein has indicated that Mr. Griggs has a Trust and has signed other documents, possibly different Powers of Attorney, which would quite likely make a Guardianship unwarranted. In the petition before the Court, the less restrictive alternatives to guardianship are checked inappropriate because he is incompetent. Assuming enough of the less restrictive alternatives are already in place and valid, there might well be no need for a guardianship. I have not seen the documents in question as Mr. Griggs and his attorney would prefer, for privacy reasons, not to show them to anyone unless absolutely necessary.

Under the forgoing circumstances, I cannot make a determination as to whether the respondent is in need of a guardian of the type prayed for in the petition.