UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Christine Peabody; Michael Griggs; Lauren Griggs; and C. Monica Griggs

Plaintiffs

VS. C.A. No.: 08-243 ML

Carol Rita Kimberly Griggs, Alias;
David Heal, Alias, individually and in his capacity as purported Trustee of the Irrevocable Trust estate of the late Glenn E. Griggs;
Deborah Griggs, Alias; Dan A. Griggs, Alias;
Edward L. Gerstein, Alias; Richard Bicki, Alias;
Edward Brayton, Alias; the Griggs & Browne Co, Incorporated;
Griggs & Browne Home Inspection Service, Inc.;
Griggs & Browne Services, Inc.;
Griggs & Browne Termite Control, Inc; John Does 1 through 10; Jane Roes 1 through 10; XYZ Corporations, Partnerships, Limited Liability Companies, Trusts and/or Enterprises 1 through 10

Defendants

**DEFENDANT, CAROL RITA KIMBERLY GRIGG'S OBJECTION TO PLAINTIFFS' EMERGENCY MOTION TO TAKE AND PERPETUATE TESTIMONY OF DAVID J. AUBIN**

This Defendant respectfully objects to Plaintiffs' Emergency Motion to Take and Perpetuate Testimony of David J. Aubin. Plaintiffs' filings suggest that this request is somewhat routine. Yet, the mere fact that the Rules require leave of court to take this deposition compels careful consideration of Plaintiffs' proffer, which will demonstrate that the criteria for the relief requested simply do not exist.

First, in their initial filing on this issue, Plaintiffs offer ***nothing*** other than convenience as the basis for this Court to act. Stated simply, the witness is in the northeast and will be

returning to Florida shortly. Thus, they argue that taking the deposition before the witness' return to Florida "will assure that [the witness'] testimony is preserved[1] at a lesser expense, time and inconvenience…." Once Plaintiffs received the Objection of other Defendants, they decided that there was an "emergency" beyond mere convenience that warrants this Court to allow this deposition to be taken out of time.[2] However, even then, no evidence has been provided that this witness' ability to testify will be lost at a foreseeable time thus preventing the testimony from actually occurring. Instead, Plaintiffs include vague references to the ***possibility*** that the witness' prostate cancer may have recurred, while providing no reason that this could act to impair his ability to testify at a time proper under the Rules.

Moreover, counsel for this Defendant entered an appearance on August 28, 2008, having never heard of this controversy, or those that preceded it in more than one State Court proceeding, until several days before. For that reason, counsel sought an extension of time to and including October 6, 2008 within which to answer or otherwise plead which Plaintiffs granted. This may prove to be an amount of time insufficient to develop a deep enough understanding of the history attendant this controversy to identify appropriate affirmative defenses, counterclaims or any other matters that should be addressed in or prior to a responsive pleading.[3] Until such an understanding arises, counsel for this Defendant can hardly be expected to have the ability to prepare properly for participation in a deposition of

[1] This is a misuse of this term as Plaintiffs are not seeking to "preserve" anyone's testimony. Such "preservation" occurs when there is a reasonable basis to find that the parties' ability to obtain a person's testimony before the trial of a matter will end at some foreseeable point such as death, leaving the country, or the advent of some other impediment to testifying. This concept has nothing to do with "convenience".

[2] In their own words, Plaintiffs decided to file a ***Supplemental*** Memorandum—something that the Rules do not contemplate—in order to, *inter alia,* address "arguments raised by Defendants Edward L. Gerstein and Richard Bicki."

[3] Given the overlap between the matters litigated in prior State Court proceedings and the events which form the bases of the claims in this action, counsel for this defendant must, at an absolute minimum, become sufficiently versed in the history of these controversies so as to be able to participate in any aspect of this litigation—including any "emergency" deposition.

this witness whom Plaintiffs themselves describe as "material…and whose testimony is indispensible." Plaintiffs' Memorandum at p. 2.[4]

Moreover, in their Supplemental Memorandum, Plaintiffs state that taking the deposition now would not prejudice the parties but would, instead, result in conservation of resources and minimization of expense and inconvenience. This Court need only look at the reams of "judgments, decisions, orders, pleadings, transcripts, and other matters of public record contained or made part of the record in the [prior] State Court proceedings" discussed in Defendants Gerstein's and Bicki's Motion for Judicial Notice Pursuant to Fed.R.Evid. 201 to understand that fairness—let alone the convenience of the parties—would be completely lost in the circumstances were this deposition to occur out of time on the basis of this record.

For the reasons set forth above, this Defendant objects to Plaintiffs' request for this relief and respectfully submits that the Motion must be denied.

Carol Rita Kimberly Griggs
By her Attorney,

DAVID J. OLIVEIRA, ESQ. (#2516)
155 South Main Street, Suite 305
Providence, RI 02903
(401) 274-9191
(401) 274-9190 (Fax)
Date: 9/3/08

**CERTIFICATION**

A copy of this pleading has been served upon all counsel of record via the ECF system and upon all unrepresented parties by United States mail.

[4] Given that Answers to the Complaint are not presently due until October 6, 2008, that is the earliest date upon which any party could even have a framework to determine the scope of permissible discovery. Yes, if the witness were about to become wholly "unavailable" the balance would have to tip toward the preservation of his testimony. But, balancing the equities on this record compels a denial of the Motion.