**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Christine Peabody; Michael Griggs; Lauren Griggs; and C. Monica Griggs<br>Plaintiff(s) | ) | |
| v. | ) | C.A. 08-243 ML |
| Carol Rita Kimberly Griggs, Alias; David Heal, alias, individually and In his capacity as purported Trustee of The Irrevocable Trust Estate of the late Glenn E. Griggs; Deborah Griggs, alias; Dan A. Griggs, alias; Edward L. Gerstein, alias; Richard Bicki, alias; Edward Brayton, alias; the Griggs & Browne Co., Incorporated; Griggs & Browne Home Inspection Service, Inc.; Griggs & Browne Services, Inc.; Griggs & Browne Termite Control, Inc.; John Does I through 10; Jane Does 1 through 10; XYZ Corporations, Partnerships, Limited Liability Companies, Trusts and/or Enterprises 1 through 10<br>Defendant(s) | ) | |

**OPPOSITION MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DAVID HEAL'S OBJECTION TO PLAINTIFFS' EMERGENCY MOTION TO TAKE AND PERPETUATE TESTIMONY OF DAVID J. AUBIN**

## Introduction

The Plaintiffs seek leave of Court "to take and perpetuate the deposition of David J. Aubin (by stenographic means as well as by videotape)." *See Plaintiffs' Emergency Motion To Take and Perpetuate Testimony of David J. Aubin at page 1*. The Plaintiffs have in fact filed with this Court two (2) separate sets of pleadings in support of their extraordinary request to take - as soon as this coming weekend or early next week - what proposes to be the final trial testimony of a witness who the Plaintiffs themselves describe as a "material witness whose

testimony is indispensable."[1] *See Memorandum In Support of Plaintiffs' Emergency Motion To Take and Perpetuate Testimony of David J. Aubin at page 2*. Defendant David Heal ("Heal") objects to the Plaintiffs' premature request to take the deposition of David J. Aubin as urged by the Plaintiffs. In addition to the legal reasons articulated in the Objection and Memorandum of Law filed on behalf of Defendants Edward L. Gerstein ("Gerstein") and Richard Bicki ("Bicki") in response to Plaintiffs' motion, Defendant Heal provides the Court with the following reasons as to why the Plaintiffs' request should be summarily dismissed.[2]

**The Plaintiffs' August 20, 2008 Motion to Take Aubin's Deposition**

The initial pleadings filed by the Plaintiffs to take Aubin's deposition were filed on August 20, 2008. In those initial pleadings, the exigency proffered by the Plaintiffs to "perpetuate" Mr. Aubin's deposition rested on the following:

> Mr. Aubin is currently vacationing in Massachusetts, but resides most of the year in Florida and is a permanent resident thereof. Furthermore, Plaintiffs have recently learned he will return to Florida **in mid-September, 2008** and may not return again. Therefore, his deposition before his departure to Florida will serve to both assure that his testimony be preserved and also at greatly lesser expense, time and inconvenience to the parties. (emphasis added).
>
> *See Memorandum In Support of Plaintiffs' Emergency Motion To Take and Perpetuate Testimony of David J. Aubin at page 2*.

There was absolutely no mention by the Plaintiffs as to Mr. Aubin's age, any medical condition or imminent medical testing the proposed deponent is purportedly required to undergo

---

[1] As will be seen below, these two sets of different pleadings filed by the Plaintiffs curiously seem to change direction like the Chicago wind on a windy April day at Wrigley Field when it comes to elucidating the real basis for taking Mr. Aubin's deposition at this time.

[2] The undersigned counsel points out that there is no reason whatsoever for counsel to engage in a tit-for-tat and to otherwise involve the Court in the play by play discussions leading up to the already agreed upon reciprocal extensions extended to one another for Defendants to respond to the Complaint and for the Plaintiffs to re-evaluate their Complaint in light of the Rule 11 motion served upon them by Gerstein, Bicki and Heal. Bottom line is that this counsel agreed to extend the time for Plaintiffs and their attorneys to reevaluate their position and to give them an opportunity to withdraw an otherwise frivolous complaint. This was an act taken in the interests of conserving resources of the parties and the Court.

in Florida. The Plaintiffs simply rested on the notion that Mr. Aubin was in town (or in a neighboring town) for the immediate future and it was convenient and economical to depose him now.[3]

**The Plaintiffs' September 2, 2008 "Supplemental" Filing**

Presumably after reading the thorough and well grounded Objection and Memorandum of Law filed by Defendants Gerstein and Bicki (filed on August 29, 2008), the Plaintiffs thought it was wise to file on September 2, 2008 what they refer to as a "*Supplemental Memorandum In Support of Plaintiffs' Emergency Motion To Take and Perpetuate Testimony Of David J. Aubin*".[4] *(emphasis added).* In clear violation of LR Cv 7(b)(2), the Plaintiffs re-hatched their Motion to Perpetuate the Testimony of David Aubin by abandoning their initial reasons (Aubin is in town for the next couple of weeks) and providing the Court with entirely different grounds to support their request.

---

[3] A fair reading of the Complaint and subsequent pleadings filed by the Plaintiffs in this action tend to indicate that Mr. Aubin has been speaking to and maybe even cooperating with the Plaintiffs and their attorneys. Surprisingly, there is not a single mention of any health or medical issues in the initial August 20, 2008 filing with the Court or any pre-filing conversations between Plaintiffs' counsel and the undersigned counsel. This counsel specifically asked Plaintiffs' counsel (prior to the August 20, 2008 filing) whether any additional grounds existed other than Mr. Aubin's mere presence in the neighboring vicinity. Counsel posed this very question to evaluate Plaintiffs' request. The answer back on August 20, 2008 was a resounding no and Plaintiffs' rested their argument on Aubin's physical presence in Massachusetts.

Noteworthy also is the fact that the "offer of proof" concerning Aubin's proposed testimony—which was necessary to the original request but conspicuously absent therefrom—is strikingly similar to the allegations of the complaint that seem to be attributed to Aubin "upon information and belief." It is not likely that when the original request to take the deposition was made, plaintiffs had no knowledge or information concerning Aubin's medical condition, or of the matters set forth in their offer of proof. It is more likely that plaintiffs failed to provide the information to the court in order to avoid any limitations being placed on the deposition if it were allowed to occur.

[4] The reference to this latest filing as a "supplemental" memorandum is somewhat of a misnomer since the filing supplements nothing and runs afoul of Rule 7 of the Local Rules of this Court. See LR Cv 7(b)(2). ("A reply memorandum shall consist only of a response to an objection **and shall not present additional grounds for granting the motion**, or reargue or expand upon the arguments made in support of the motion.") (emphasis added). The supplemental memo should be stricken for this reason alone. It is more likely that the original motion omitted the relevant information in order to sandbag the defendants by eliciting responses to the "emergency" motion as filed, and then having the last word by a "supplemental" memorandum to which defendants who had already responded, have no further right to respond.

The Plaintiffs now state that Mr. Aubin has been advised by his doctors that he should return to Florida for "**immediate testing**" because a "**condition that had hopefully been cured in 1992 may have recurred**." See *Supplemental Memorandum In Support of Plaintiffs' Emergency Motion To Take and Perpetuate Testimony Of David J. Aubin at pg. 2. (emphasis added).* The Plaintiffs further state that Aubin's doctors "have advised that he should return to Florida for **immediate testing** and treatment (if necessary) since this condition can be life threatening." *Id.* According to the supplemental memo, the illness which Mr. Aubin **may** be suffering from again is prostate cancer. The Plaintiffs miraculously suggest that all of this medical information by Aubin can be confirmed by Mr. Aubin at his deposition.[5] The Plaintiffs provide no corroborating proof by way of an affidavit from Aubin or supporting medical information from Mr. Aubin's treating physicians.

Thus, in less than two (2) weeks between the filing of their "initial" motion and their "supplemental" pleading, the Plaintiffs have entirely shifted gears as to why Mr. Aubin's deposition needs to be taken at this very early stage of the proceeding. Neither this Court nor any of the defendants are able to probe the veracity of the double hearsay statements of Plaintiffs' counsel or Aubin's sudden medical condition.[6] To this end, something more in terms of "confirmation" of Aubin's medical condition should be required on the part of the Plaintiffs before this Court should even consider the Plaintiffs' request on this newly articulated ground.

---

[5] This clearly puts the proverbial cart before the horse because proof of Mr. Aubin's medical condition is required before the deposition as it is the grounds the Plaintiffs now rest for taking the deposition. This certainly serves no interests of judicial economy. The corroboration needs to come before not during the deposition.

[6] This is not the time or the place to undress the Plaintiffs' specious claim that counsel's communications with Mr. Aubin are protected by the attorney work product rule. See *Supplemental Memorandum In Support of Plaintiffs' Emergency Motion To Take and Perpetuate Testimony Of David J. Aubin at pg. 2.* Heal states, however, that he opposes said invocation of the work product rule and intends to pursue discovery of the communications between Aubin and Plaintiffs' counsel or between Aubin and the Plaintiffs themselves. Those communications are certainly not privileged.

**Timing of the Proposed Deposition**

And, if this new revelation wasn't enough, the Plaintiffs further complicate things when they appear to ask the Court to allow them leave to take the trial testimony of Mr. Aubin sometime on September 6, 7 or 8. According to the Plaintiffs, Mr. Aubin is leaving on September 6, 2008 due to his medical condition but this very "indispensable witness" who has been advised to return back to Florida by his medical professionals for "immediate testing" for a potentially life threatening condition is apparently willing to extend his stay for a few more days if the motion is granted. Not to make light of Mr. Aubin's alleged, potential medical condition but the latest stance posited by the Plaintiffs is absolutely incredulous. [7]

As the Court itself can read, this Complaint runs some eighty-four (84) pages (exclusive of exhibits) and charges Heal and ten (10) other co-defendants with, *inter alia*, engaging in a wide ranging conspiracy and racketeering enterprise over an indeterminate amount of time.[8] These Plaintiffs miraculously suggest that Heal and the remaining co-defendants should be expected to cross-examine Mr. Aubin essentially for what Plaintiffs propose to be trial testimony of this "indispensable" and "material" witness. This is so even though Defendants have not yet responded to the Plaintiffs' Complaint and the response which is coming will be a Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss asserting a myriad of different grounds in support of a summary dismissal. This doesn't even take into consideration the fact that a number of

[7] Should the "immediate testing" to be performed next week in Florida reveal that, in fact, Mr. Aubin suffers from some "life threatening" condition that will render his deposition or trial testimony impossible in the ordinary course, plaintiffs can then so advise the Court and defendants, and at that time the issues can be addressed.

[8] While the Complaint can be said to be long in its length it is rather lacking in terms of specificity as to when the alleged conspiracy formed between the eleven (11) charged co-conspirators and exactly what each defendants' role, conduct and purpose was in carrying out the alleged conspiracy. Mr. Aubin's proposed testimony imaginably stretches over a fifty-three (53) year period with the first thirty (30) years representing his direct employment period with Griggs & Browne, the next fourteen (14) years covering the alleged consulting period and the last nine (9) years where Aubin enjoyed no employment relationship with the defendant companies. This fifty-three (53) year window dates back to a time about when Defendant Heal was born.

defense counsel have just recently entered their appearances in this case[9] or that no Rule 26(f) conference has taken place[10] or that the Plaintiffs just found the time to serve defendant Edward Brayton with a copy of the summons and complaint last Friday, August 29, 2008.[11]

In light of the fact that Mr. Aubin is leaving on September 6, 2008 (or a few days thereafter), it seems plain to this Defendant that no deposition can possibly take place in the limited time restrictions proposed by the Plaintiff. It seems that the only plausible outcome at this point is for the Court to deny the Plaintiffs' motion without prejudice allowing Mr. Aubin to undergo his medical testing in Florida. As it stands right now, Mr. Aubin himself doesn't know what the outcome of any additional testing will show. Once the testing is complete, Mr. Aubin may then (if he so chooses) submit his medical information with supporting documents to the Plaintiffs' counsel who can then evaluate whether they should re-file their motion. If such a motion is filed, the Plaintiffs should be required to submit as part of their moving papers the relevant medical information along with an affidavit from Mr. Aubin and his medical doctor(s) demonstrating the particularized need to take Aubin's expedited deposition. Only then will the parties and the Court be in a position to probe whether or not Aubin suffers from a serious and life threatening illness rendering him a witness likely to be unavailable for purposes of trial.

**Discovery Deposition As Opposed To Testimonial Deposition**

The Plaintiffs propose to take the "trial" testimony of Mr. Aubin and have made no distinction in their pleadings between a testimonial deposition and a "fact" or "deposition"

---

[9] The other defense counsel will obviously provide the Court with their individual objections to the Plaintiffs' motion but it is noteworthy to mention that two (2) of the defense lawyers just entered their appearance less than a week ago.

[10] The Plaintiffs are seeking to compel Heal and the other defendants to cross-examine a key witness without Plaintiffs identifying related witnesses, producing documents or providing a single shred of evidence in this case all of which is required to ensure the defendants their right to due process and fundamental fairness.

[11] Mr. Brayton is currently unrepresented and would have at least until September 18, 2008 to presumably locate counsel or file an entry on his own behalf. The Plaintiffs can not be expected to move forward with the trial deposition of Mr. Aubin while leaving behind one of the co-defendants. This would obviously defeat the stated purpose of securing Mr. Aubin's testimony in the first place, as well as the interests of judicial economy.

testimony. While Heal vehemently opposes any type of deposition moving forward at this early stage of the proceeding, Heal states that if the Court is inclined to allow some form of testimony to move forward from Mr. Aubin then this Defendant would ask the Court to limit the scope and type of testimony to be provided by Mr. Aubin and to place some pre-conditions upon Plaintiffs before said deposition takes place.

First, Heal asks this Court to limit the deposition to a discovery deposition with no obligation on the part of Heal (or any other defendants who shall so elect) to cross-examine Aubin at the expedited deposition. The election not to cross-examine Aubin at this early deposition shall not constitute a waiver of a defendant's right to cross-examine Aubin at a future date when said party is given an ample opportunity to effectively examine this "indispensable" witness. The testimony in this format could obviously not be used by Plaintiffs at the time of any trial in the event Aubin became unavailable to testify.

Secondly, Heal requests that any testimony elicited from Aubin during any early deposition shall not be used by Plaintiffs in opposing any Motion to Dismiss to be filed by any of the defendants in this case. The Plaintiffs should not be allowed to use this request as a vehicle or an attempt to overcome a summary dismissal of this misguided case, or turn the defendants' Rule 12(b)(6) motion into a motion for summary judgment.

Third, Heal requests that the following pre-deposition conditions be implemented by the Court.

(1) Plaintiff shall be required to make the necessary disclosures required by Fed. R. Civ. P. 26(a)(1)(A) and (B) at least thirty (30) days prior to the taking of Aubin's deposition testimony. 19th Street Baptist Church v. St. Peters Episcopal Church, 190 F.R.D. 345, 350 (E.D.Pa. 2000).

(2) Defendants shall be allowed to propound interrogatories and requests for production upon the Plaintiffs that are relevant to Mr. Aubin's proposed testimony. Those discovery responses shall be due no later the fourteen (14) days prior to deposition.

(3) Defendants shall be allowed to issue subpoenas to third parties for the production of documents relevant to Mr. Aubin's testimony.

(4) The Plaintiffs shall provide a more detailed proffer of the expected testimony of Mr. Aubin and a copy of each document which the Plaintiffs expect to utilize at Mr. Aubin's proposed deposition. 19th Street Baptist Church, at 350.

Finally, Heal asks this Court to limit the scope of Mr. Aubin's deposition to a fact deposition at this time. The Court can take up the issue of whether a testimonial deposition is warranted after the parties have had a chance to examine the deponent at his discovery deposition to determine whether he has any relevant information that would be admissible at trial.

**Conclusion**

The Plaintiffs have not met their burden of establishing the less stringent "good cause" standard or the more probing standard utilized by other courts[12] in either the initial pleading filed with this Court on August 20, 2008 or their more recent "supplemental" filing on September 2, 2008. While the Plaintiffs' theory as to why Mr. Aubin's deposition should be taken at this early stage entirely shifted from its first filing to its second filing, the result does not change. In fact, although the second filing attempted to provide the Court with at least some semblance of facts to support an expedited deposition, it went even further by requesting that the deposition take

[12] See Don King Productions, Inc. v. Hopkins, 2004 WL 2997800 (S.D.N.Y. December 23, 2004).

place not in mid September, as originally requested, but instead even earlier on suggested dates of September 6 (Saturday), September 7 (Sunday) or September 8 (Monday). This is not only impractical but it is absurd. Nothing can result in the granting of this motion other than outright prejudice to Heal and the other defendants who have been hauled into to Court to answer this very serious civil complaint which in the end will likely turn out to have no legs.[13]

For all the foregoing reasons, the Defendant David Heal respectfully requests that the Plaintiffs' Emergency Motion to Take and Perpetuate Testimony of David J. Aubin be denied.

Respectfully submitted,

/s/ Michael J. Lepizzera, Jr.

Michael J. Lepizzera, Jr. (#4995)
Lepizzera & Laprocina Counsellors at Law, Ltd.
117 Metro Center Boulevard, Suite 2001
Warwick, RI 02886
Tel: (401) 739-7397
Fax: (401) 384-6950
mlepizzera@leplap.com
*Counsel for Defendant: David Heal,*
*Individually and In his Capacity as*
*Purported Trustee of the Irrevocable Trust*
*Estate of the Late Glenn E. Griggs*

[13] As the Fed. R. Civ. P. 12(b)(6) Motion will demonstrate, the Plaintiffs waited to bring this outlandish RICO conspiracy case even though some of the Plaintiffs previous attorneys raised similar allegations in prior state court proceedings dating back approximately seven (7) years ago. The Defendants will argue in their motion to dismiss that the four (4) year statute of limitations on the RICO conspiracy case has run and therefore no jurisdiction exists in this case to hear any of the remaining state law claims that may survive a motion to dismiss. The Plaintiffs should be required to pay the costs and attorneys fees for each of the defendants in the event they are forced to go through the expense of deposing Mr. Aubin on an expedited basis and it winds up that the Plaintiffs' Complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6)

**CERTIFICATE OF SERVICE**

I hereby certify that the within ***Opposition Memorandum of Law in Support of Defendant David Heal's Objection to Plaintiffs' Emergency Motion to Take and Perpetuate Testimony of David J. Aubin*** was filed through the ECF system on this 3rd day of September, 2008, and will be sent electronically to the counsel listed below who are registered participants identified on the Notice of Electronic Filing and mailed to the parties who are not registered participants of the ECF system as indicated below.

| | |
|---|---|
| John B. Reilly<br>John Reilly & Associates<br>100 North Main Street, 4th Floor<br>Providence, RI 02903<br>jreilly@lawyers-online.us | Anthony M. Traini, Esq. (#4793)<br>56 Pine Street<br>Providence, RI 02903<br>amt@atrainilaw.com |
| Craig M. Scott, Esq.<br>Stacey P. Nakasian, Esq.<br>Duffy, Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, Rhode Island 02903<br>cscott@duffysweeney.com<br>snakasian@duffysweeney.com | David J. Oliveira, Esq.<br>Law Offices of David J. Oliveira, Esq.<br>155 South Main Street – Suite 305<br>Providence, Rhode Island 02903<br>Email: doliveira@djolaw.com |

| | |
|---|---|
| Melody A. Alger, Esq.<br>Baluch, Gianfrancesco, Mathieu & Alger<br>155 South Main Street – Suite 101<br>Providence, Rhode Island 02903<br>Email: melody.alger@bgmalaw.com | Joseph J. Altieri, Esq.<br>Joseph J. Altieri, Ltd.<br>350 South Main Street<br>Providence, Rhode Island 02903<br>Email: joealtieri@jjaltd.com |
| Richard C. Bicki, Esq.<br>56 Pine Street, Suite 200<br>Providence, Rhode Island 02903<br>rbickiesq@aol.com | Edward L. Gerstein, Esq.<br>29 Meeting House Lane<br>Little Compton, Rhode Island 02837<br>elg@zomolo.com |

__/s/ Michael J. Lepizzera, Jr._____
Michael J. Lepizzera, Jr.