EDWARD L. GERSTEIN
ATTORNEY AT LAW

29 MEETING HOUSE LANE
LITTLE COMPTON, RI 02837
TEL (401) 635-2282
FAX (401) 635-1612

January 5, 2001

Marvin Homonoff
369 South Main Street
Providence, RI 02903

By Fax: (401) 453-1177

Re: Estate of Glenn Griggs

Dear Mr. Homonoff:

Per our telephone conversation yesterday, to accommodate your schedule the deposition of Pat Griggs will commence at noon, rather than 10:00 a.m. on January 22, 2001.

Yesterday morning I was informed by Dr. Brogna that in early December you had purportedly scheduled his deposition for next week. As no notice of any such deposition was provided by you to either Mr. Bicki or me, I informed Dr. Brogna that there would be not deposition of him next week. It is my understanding that his staff would contact your office to cancel the "appearance" for the "deposition." It is rather unsettling that a "deposition" of Mr. Brogna was apparently scheduled without appropriate notice to counsel. I would appreciate if you would clarify this issue.

As we are in litigation, and at least two of your clients have already acknowledged engaging in fraudulent and deceptive acts in furtherance of their questionable petition, you should also consider this letter formal notice that neither your clients nor yourself should attempt to have any contact with either Mr. Griggs, his physicians or business associates without the prior notice to and consent of this office.

Very truly yours,

Edward L. Gerstein (TP)

Edward L. Gerstein

ELG/tlp
cc: Michael Kiernan
Richard Bicki
Lauren Jones

EDWARD L. GERSTEIN
ATTORNEY AT LAW

29 MEETING HOUSE LANE
LITTLE COMPTON, RI 02837
TEL (401) 635-2282
FAX (401) 635-1812

June 23,2003

Joshua Macktaz, Esq.
127 Dorrance Strett
Providence, RI 02903

By Fax: 454-8855

Re: Glenn Griggs

Dear Mr. Macktaz:

Per our telephone conversation of a few moments ago, I understand that you represent Christine Peabody, Nancy Griggs, Lauren Griggs and/or Patricia Griggs. As you are aware, your clients Christine Peabody and Lauren Griggs improperly removed Glenn Griggs from his home yesterday. They were assisted by Nancy Griggs and, perhaps, another client of your firm. Consistent with their historic practices of fraud and deception, after luring him into a car, they sped off like third rate kidnappers. I am also advised that they are holding him incommunicado and have refused to advise other family members of his whereabouts or allow contact with him. The conduct of your clients is outrageous, if not criminal.

Demand is herein made that your clients, and whoever else may be acting in concert with them, produce Glenn Griggs today at 2 p.m. at the offices of Richard Bicki, Cerelli & Bicki, 56 Pine Street, Providence, RI 02903. Demand is further made that you notify me no later than 12:30 p.m. this morning that your clients will, in fact, produce Glenn at attorney Bicki's office. Do not consider this letter a mere formality or the first in a series of letters.

We are fully authorized to protect Glenn's interests and will take all steps necessary to do so. In the past, as your clients and their cohorts have exerted undue influence and treachery nothing other than the production of Glenn today will suffice. I caution you against involvement in furtherance of the conduct of your clients, other than to assure that he is brought to attorney Bicki's office today. This notice to you is notice to your co-counsel.

Sincerely,

Edward L. Gerstein

cc: L.Jones
R. Bicki
J. Roney

************** -COMM. JOURNAL- ****************** DATE JUN-26-2… ***** TIME 12:47 *** P.01

MODE = MEMORY TRANSMISSION START=JUN-26 12:46 END=JUN-26 12:47

FILE NO.= 255

| STN NO. | COM | ABBR NO. | STATION NAME/TEL.NO. | PAGES | DURATION |
|---|---|---|---|---|---|
| 001 | OK | 8 | 4548855 | 001/001 | 00:00'37" |

-ZCMCLJ

*********************************** -401 635 1612 - ***** - 401 635 1612- *********

EDWARD L. GERSTEIN

ATTORNEY AT LAW

29 MEETING HOUSE LANE
LITTLE COMPTON, RI 02837
TEL (401) 635-2282
FAX (401) 635-1612

June 26, 2003

Joshua Macktaz, Esq.
127 Dorrance Strett
Providence, RI 02903

By Fax: 454-8855

*Re: Glenn Griggs*

Dear Mr. Macktaz:

Although you have declined to identify your clients or the specific whereabouts of Glenn Griggs, this letter is forwarded to you because you indicated that Glenn Griggs is staying with them and that "they" refuse to allow him to meet with me. As you may be aware, on Tuesday, June 24, 2003, a note was faxed to my office purporting to terminate my representation of Glenn Griggs. Under all of the circumstances, it would be unreasonable for me to accept that note at face value. Therefore, be advised that unless and until I am instructed otherwise by him in an unencumbered face to face meeting, I remain counsel to Glenn Griggs. Please notify your clients accordingly.

This letter will also acknowledge receipt of your subsequent letter by fax on the afternoon of Tuesday, June 24, 2003, in which you requested notice of any court filings by Mr. Bicki or I. Absent disclosure of the identities of your clients, in conjunction with my inability to confer with Glenn, it is difficult, if not impossible, to determine what if any interests of your clients may be implicated, or what, if any, notice they may or may not be entitled to. Unfortunately, the direct and vicarious conduct of your clients makes the present situation far more difficult than it should be. If the circumstances are truly as you claim that your clients have informed you, the issues are all susceptible of easy resolution. However, the attendant circumstances seem to indicate otherwise.

If your clients change their minds and will allow Glenn to meet with me in an attorney-client setting, kindly so advise and I will make myself available for that meeting.

Sincerely,

Edward L. Gerstein

cc: L.Jones
J. Roney

EDWARD L. GERSTEIN
ATTORNEY AT LAW

29 MEETING HOUSE LANE
LITTLE COMPTON, RI 02837
TEL (401) 635-2282
FAX (401) 635-1612

July 24, 2003

Michael St. Pierre, Esq.
Revens, Revens & St. Pierre
946 Centerville Road
Warwick, RI 02886

By Fax: 826-3245

*Re: Estate of Glenn Griggs*
*No. 2003-249*

Dear Mr. St. Pierre:

I write briefly to address a few points of concern, particularly in light of attorney Macktaz's letter that he apparently faxed to you on July 17, 2003, but first placed in the mail to at least attorneys Jones, Traini and me on June 18, 2003. While most of that letter is comprised of mere scurrilous allegations and demonstrates a fundamental misunderstanding of guardianship proceedings, its purpose and audience is so transparent that it does not warrant extended comment. I do, however, briefly respond and note that any medical records are covered by the Confidentiality of Health Care Information Act and Mr. Macktaz has no right to the disclosure of any such information, or to the disclosure of matters that fall within the ambit of financial privacy, or other privileges. I also note that his clients were parties, or admittedly in privity with those parties, to the earlier probate court and superior court proceedings in which the courts ruled that they were not entitled to such information. On the other hand, in your capacity as temporary limited guardian you may well have the right to obtain otherwise confidential medical information without waiver of the appropriate privileges and, in effect, would temporarily stand in Mr. Griggs' shoes with respect to those privileges.

I also ask that you respect Mr. Griggs' desires concerning whom he wishes to see and whom he does not wish to see. While I appreciate the difficult position that you find yourself in at this juncture I do not believe that the requested supervised visit so that you may "observe" the interaction between Mr. Griggs and his daughters, with whom he recently "visited with" for eleven days, is in his best interests and may have a negative impact on his progress. Of course if that is something that he tells you he wants to do, it is certainly within your discretion to allow it. Unfortunately, because of the cloud on representation, Mr. Griggs remains without the benefit of unfettered counsel and his dependency on you is somewhat more heightened than in the ordinary case.

Finally, at yesterday's conference attorney Orabona indicated that he had made arrangements with you to meet with Mr. Griggs tomorrow afternoon to discuss this matter and that it was his understanding that you would not be present at that meeting. Although you were not present at the July 3, 2003 hearing and conference, attorney Orabona acknowledged that he only saw Mr. Griggs once (other than when he was brought to court on July 3, 2003). As I previously advised you, Lauren Jones and I find ourselves in a difficult ethical quandary based on the circumstances surrounding my purported discharge by Mr. Griggs and the advice that we received from David Curtin that it was not unreasonable to question the validity of that discharge and that it would be appropriate to require a simple in person meeting with Mr. Griggs. My prior efforts to obtain such a meeting and satisfy that ethical obligation were thwarted by Mr. Macktaz and his clients. I have reason to believe that after the July 3, 2003 hearing, Mr. Macktaz made independent inquiry of Mr. Curtin as to the bona fides of our position and was told that we are acting appropriately. To date, I have been unable to discuss this matter with Mr. Griggs.

That said, at yesterday's conference Judge Earle ruled that Mr. Orabona and I could meet with Mr. Griggs prior to July 28, 2003, that any such meeting would have to be in your presence and that your presence would not constitute a waiver of the attorney client privilege. I have enclosed the appropriate excerpt of the transcript of yesterday's conference where Judge Earle issued his decision on the issue. I believe that it was only by oversight that he omitted this proviso from the proposed order that he circulated last evening. As Mr. Orabona will meet with Mr. Griggs and you so that he can pose the question of whether Mr. Griggs wants him to be his attorney, I too would like a similar opportunity. It is my understanding that Mr. Orabona's appointment is for mid-afternoon tomorrow. To accommodate your schedule, I can meet with Mr. Griggs and you either immediately before or after the meeting with Mr. Orabona. I just ask that you let me know today so that I can adjust my schedule for tomorrow.

Sincerely,

Edward L. Gerstein

cc: attys Orabona, Lepizzera, Traini, Jones, Pine, Larochelle and Macktaz

TO: MACKTAZ

EDWARD L. GERSTEIN
ATTORNEY AT LAW

29 MEETING HOUSE LANE
LITTLE COMPTON, RI 02837
TEL (401) 635-2282
FAX (401) 635-1612

August 12, 2003

Michael St. Pierre, Esq.
Revens, Revens & St. Pierre
946 Centerville Road
Warwick, RI 02886

By Fax: 826-3245

*Re: Estate of Glenn Griggs*
*No. 2003-249*

Dear Mike:

I am in receipt of your letter dated August 7, 2003, in which you request copies of past and present medical records of Mr. Griggs and note your obligation to obtain a DMAT. While I understand that performance of these duties was hampered and delayed by the representation issue, this presents some rather complex issues that involve the relationships between the Confidentiality of Health Care Information Act, R.I.G.L. §§5-37.3-1, et. seq., the Guardianship statute, R.I.G.L. §§ 33-15-1, et seq., and the nuances that are particular to this case. Although I do not wish to seem obstructionist, at this juncture compliance with your letter makes me uncomfortable for several reasons. May I suggest that we address our respective concerns when we are in court tomorrow morning?

Sincerely,

Edward L. Gerstein

cc: attys Lepizzera, Traini, Jones, Pine, Larochelle and Macktaz