EDWARD L. GERSTEIN

ATTORNEY AT LAW

29 MEETING HOUSE LANE
LITTLE COMPTON, RI 02837
TEL (401) 635-2282
FAX (401) 635-1612

February 17, 2005

Patrick Dougherty, Esq.
155 So. Main Street
Providence, RI 02903

By Fax: 273-4750

*Re: In Re Estate of Glenn E. Griggs*

Dear Pat:

This letter is forwarded pursuant to Rule 408, Rhode Island Rules of Evidence, and in accord with Judge Earle's suggestion that we attempt to discuss and negotiate the outstanding contempt and sanction issues. While I understand that you are uncertain whether you will remain counsel for some, or all, of the "Griggs Women" who were adjudged in contempt, and who are otherwise subject to several outstanding contempt and/or sanction motions, I thought it might be helpful to provide a rough sketch of where we stand, with the underlying caveat that I have not yet reviewed in detail the fees and expenses that will be subject to compensation.

In a broad sense, it is our view that the "Griggs Women" are liable for all fees and expense that are the direct or proximate result of their contempt. This obviously includes all fees and expense incurred, at a minimum, (a) in the Superior Court proceedings, (b) on the "representation" issue in the probate court, (c) for the deposition of Frank Orabona, (d) the efforts to obtain compliance with the "Traini Demand" (for which there is an outstanding independent contempt/sanction motion that relates back to original counsel), (e) in the preparation and presentation of the contempt motion, and any further proceedings related thereto, and (f) an appropriate allocation of fees and expenses incurred for the depositions of the "Griggs Women," and others that provided the factual basis for the contempt motion.

In addition to the recent finding of contempt, there are several outstanding motions for sanctions, for items such as the failure of Christine and Lauren to appear for their depositions, the failure to comply with orders concerning privilege logs and *in camera* production of documents claimed as privileged. Moreover, it is our opinion that a further, and fairly extensive, motion for sanctions would be warranted, particularly as the basis for sanctions and contempt differs.

Despite your oft-repeated visceral comments that we are merely looking to "drive a stake" through the hearts of your clients, which we are not, our preference would be a

negotiated resolution of the outstanding issues of compensation, and to resolve all issues between our respective clients. However, I do not want to waste our time, your time, that of any other counsel, or the Court. While April 14, 2005, might now seem eons away, it will creep up quickly, and substantial expense will be incurred in preparation for that hearing.

While I am not currently in a position to provide you with definitive amounts, my sense is that we will be seeking contempt and sanction compensation in the vicinity of $150,000.00. It could be more, and it could be less. Considering the apparently almost embarrassing hourly rate of $200, and the areas described in the second paragraph of this letter, I do not believe that $150,000.00 is just some number plucked from the air.

I forward this letter in the spirit of the generally positive adversarial relationship we have had in this matter, and request that if you are going to remain as counsel to the "Griggs Women" you let me know by March 1, 2005, whether you are in a position, and have authority, to attempt a negotiated resolution of the issues, or whether we should just prepare for a contested hearing. Of course, if you will be moving to withdraw, we would also like to know that by March 1, 2005. As a courtesy to you, we will minimize any effort on the contempt and sanction issues until that date.

Finally, nothing contained in this letter should be construed as a limitation on the amounts that may ultimately be claimed, or the actions to be taken, with respect to the issues in this matter.

Sincerely,

Edward L. Gerstein

cc: A. Traini
L. Jones

EDWARD L. GERSTEIN
ATTORNEY AT LAW

29 MEETING HOUSE LANE
LITTLE COMPTON, RI 02837
TEL (401) 635-2282
FAX (401) 635-1612

November ~~4~~ 5, 2003

J. Scott Kilpatrick, Esq.
Aram P. Jarret, III Esq.
Chisholm Chisholm & Kilpatrick LLP
One Turks Head Place
Suite 1313
Providence, RI 02903

By Fax: 421-3185

*Re: Estate of Glenn Griggs, No. 2003-249*

Dear Mr. Kilpatrick:

Enclosed is the revised proposed Order which reflects the changes that you requested during our telephone conversation this morning. Those changes are the renumbering of the first three paragraphs to reflect that the "Notice of Withdrawal" is now addressed in paragraph 1, rather than paragraph 3, of the Order. With that change, we have agreed that the Order can enter. We have also agreed that the fee petition of Michael St. Pierre can be placed on the agenda for the status conference scheduled for December 19,2003, if he so desires. I left a voice mail for him, and assuming that he gets back to me by 2 p.m. today, I will simply add a new paragraph to the Order to place his fee petition on the agenda. Otherwise, I will forward the Order as enclosed and he can add his fee petition to the agenda by letter or motion.

This will also confirm your request that although attorney Jarret and you have withdrawn as counsel of record for Lauren Griggs, Courtney Griggs, Patricia Griggs, Nancy Griggs and Christine Peabody, you wish to remain their agent for purposes of notice, at least for the time being. You will let me know by noon on Monday, November 10, 2003, whether your limited agency will extend beyond that date and time. While I have no qualms with considering you as agent for notice, I do need something in writing signed by them to that effect. A simple letter from you bearing their signatures (even if their signatures are obtained by fax) would suffice. You have also advised that, in response to my communication late yesterday afternoon, you will today provide me the dates on which Christine Peabody may be unavailable for her deposition.

As you again confirmed that you are in possession of the documents responsive to the subpoenas duces tecum and will be sorting them into what you believe are "privileged" and "non-privileged" categories, I again request that you make and provide copies for me, and at our expense. As the Orders with respect to the motions for protective orders

RECEIVED
NOV 05 2003
CCK

are very clear, having the documents sufficiently in advance of the first deposition will facilitate all of the depositions, and may assist in limiting or avoiding motion practice related to those documents. Under the circumstances, I am inclined to file a motion to compel the pre-deposition production of those documents, but will await your response before doing so.

Finally, please advise your clients to remain away from the home of Mr. Griggs. Aside from the fact that such attempts at visitation or "drive-by" violates court orders, their prior conduct in taking him away from his home resulted in significant harm, and he need not be in fear that they will repeat that performance.

I have also enclosed the cover letter to Judge Earle that will accompany the Order when transmitted later today.

Sincerely,

Edward L. Gerstein

enc.
cc: attys: Jones, Traini, Lepizzera, St. and Pine