STATE OF RHODE ISLAND
COUNTY OF KENT

WARWICK PROBATE COURT
DOCKET NO. 2003-249

IN RE: ESTATE OF GLENN E. GRIGGS

**EMERGENCY MOTION FOR PROTECTIVE ORDER AND REQUEST FOR HEARING**

Now comes the Respondent, by his undersigned counsel, and hereby moves for an emergency protective order against unsupervised visits with him pending a hearing on the issue.

In support hereof he states:

1. On February 4, 2005, counsel for Respondent received a voice mail from the temporary limited guardian of the person that indicated unsupervised visitation with the Respondent was being planned. The message further indicated that the visitation would be 'coordinated' through the offices of the temporary limited guardian, and that it could take place this week.

2. On February 5, 2005, counsel for Respondent advised the temporary limited guardian of the opposition to the proposed unsupervised visits without there first being an Order of this Court that provided adequate provision for the continued protection and well-being of the Respondent. Counsel for Respondent again attempted to contact the temporary guardian today in an effort to address those concerns.

3. Upon information and belief, the prior single visitation between the Respondent and certain of his children was conducted in the presence of the temporary limited guardian. Presumably, this single visit forms the basis for the intended expanded and unsupervised visits envisioned by the temporary limited guardian.

4. While counsel for Respondent has always advocated that the Respondent should be permitted to visit with whom he chooses, the apparent decision of the temporary limited guardian to now allow unsupervised visits without an appropriate Order in place that sets forth the parameters of such visits is ill-advised for many reasons.

5. An appropriate Order concerning visitation is necessary to assure, at a minimum, that the prior conduct of certain of the Respondent's children (and those acting in concert with them) will not be repeated, the visits not become tools for the personal gain of the visitors, the identity of those permitted to visit clearly stated, the authority of the on-site health care providers clearly stated, and that any such visits be conducted in a manner that recognizes the primary concern of the Respondent's well-being.

6. No prejudice results to either the temporary limited guardian, or those he intends to allow to visit with the Respondent, if the proposed visitation is deferred pending a hearing. However, there is a very substantial risk of prejudice to the Respondent if the visits are permitted without an appropriate Order of this Court.

7. As it remains unclear precisely when the temporary limited guardian will allow the visits, this motion results.

Wherefore, the Respondent moves for an emergency hearing to determine the issue of the proposed visitation and that, pending such hearing, no such visitation be allowed.

Glenn E. Griggs
By his Attorneys,

Anthony M. Traini (#4793)
56 Pine Street
Providence, RI 02903
Tel. (401) 621-4700
Fax (401) 621-5888

Edward L. Gerstein (#2270)
29 Meeting House Lane
Little Compton, RI 02837
Tel. (401) 635-2282
Fax (401) 635-1612

Lauren Jones, Esq.
Lauren E. Jones (#2141)
72 South Main Street
Providence, RI 02903
Tel. (401) 274-4446
Fax (401) 274-2805

**CERTIFICATION**

I hereby certify that the within was served by facsimile transmission upon: Michael Lepizzera, Esq.; Michael St. Pierre, Esq. and Patrick Dougherty, Esq.; this 7th day of February 2005