UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

Christine Peabody; Michael
Griggs; Lauren Griggs; and C.
Monica Griggs

Plaintiffs

VS. C.A. No.: 08-243 ML

Carol Rita Kimberly Griggs, Alias;
David Heal, Alias, individually and
in his capacity as purported Trustee of
the Irrevocable Trust estate of the late Glenn E. Griggs;
Deborah Griggs, Alias; Dan A. Griggs, Alias;
Edward L. Gerstein, Alias;
Edward Brayton, Alias; the Griggs & Browne Co, Incorporated;
Griggs & Browne Home Inspection Service, Inc.;
Griggs & Browne Services, Inc.;
Griggs & Browne Termite Control, Inc; John Does 1
through 10; Jane Roes 1 through 10; XYZ Corporations,
Partnerships, Limited Liability Companies, Trusts and/or
Enterprises 1 through 10

Defendants

**DEFENDANTS' [DAVID HEAL AND EDWARD L. GERSTEIN]**
**MOTION FOR SANCTIONS PURSUANT TO F.R.CIV.P. 11**

Defendants[1] Edward L. Gerstein and David Heal hereby move this Honorable Court for sanctions pursuant to F.R.Civ.P. 11, including dismissal of the Complaint and the Amended

[1]When this motion was first served upon opposing counsel [pursuant to F.R.Civ.P. 11 and F.R.Civ.P. 5] on August 1, 2008 (following written notice to withdraw the original Complaint sent on July 2, 2008, shortly after its filing), it included former defendant Richard Bicki as a movant. Mr. Bicki is no longer a party to this litigation, having been deleted as a defendant in the filing on September 8 of Plaintiffs' First Amended Verified Complaint (the "Amended Complaint"). As to Mr. Bicki, the Amended Complaint actually adds more offensive, scandalous and unfounded allegations, but since it no longer names him as a defendant, First Circuit precedent suggests that it may not be appropriate for him to continue to be a moving party at this time. See, Nyer v. Winterthur International, 290 F.3d 456, 459-460 (1st Cir. 2002). Mr. Bicki reserves his right, however, to file a subsequent Rule 11 motion should the circumstances change.

Complaint filed against them in this matter and attorneys fees and costs, as well as such other relief as this Court deems appropriate.[2]

In support hereof, Defendants rely upon the Memorandum of Law with Exhibits[3] submitted herewith.

Respectfully submitted,
Edward L. Gerstein
By His Attorney,

*/s/ Anthony M. Traini*
Anthony M. Traini (#4793)
56 Pine Street – Suite 200
Providence, RI 02903-2819
Tel. (401) 621-4700
Fax (401) 621-5888
E-mail:amt@atrainilaw.com

---

[2]Consistent with the provisions of Rule 11, Defendants Heal and Gerstein submit that the filing of the Amended Complaint did not withdraw or appropriately correct the allegations of the original Complaint sufficiently to avoid the filing of this Rule 11 motion. This case presents an even more egregious circumstance than that in Cullen v. Darvin, 132 B.R. 211 (D.Mass. 1991), in which plaintiff was sanctioned under Rule 11 where his initial complaint named defendant in a civil RICO action and his amended complaint, while maintaining the civil RICO allegations, exempted defendant therefrom. The court in Cullen based its sanction order on the original complaint. See, Cullen, 132 B.R. at 217.

Defendants Heal and Gerstein additionally note that the filing of the Amended Complaint does not in any way alter their claims as expressed in this Rule 11 motion and its supporting memorandum. See, EB-Bran Productions, Inc. v. Warner Elektra Atlantic, Inc., 2006 WL 932085, *5-7 (E.D.Mich. 04/10/06); see also, e.g., Baker v. Dorfman, 2000 WL 1201467, *7 (S.D.N.Y. 08/22/00). To the extent that the Amended Complaint is alleged to not be violative of Rule 11 as those arguments may later be advanced in any plaintiffs' opposition to this motion, Mr. Heal and Mr. Gerstein will respond appropriately at that time. Other than the removal of Mr. Bicki's name as a defendant or as a moving party, the Memorandum of Law filed herewith in support of this motion is the same memorandum of law (with Exhibits) originally served upon opposing counsel on August 1.

Prior to the filing of the Amended Complaint, and without knowledge on the part of the defendants that an Amended Complaint would be filed (or was even contemplated), defendants agreed (at plaintiff's request) to an enlargement of the safe harbor period for the already-served Rule 11 motion. That safe harbor period expired on September 8, 2008, and applies to this motion notwithstanding the filing of the Amended Complaint. See, Ultra-Temp Corporation v. Advanced Vacuum Systems, Inc., 194 F.R.D. 378, 381-383 (D.Mass. 2000).

[3]There are 38 Exhibits to the supporting Memorandum of Law filed with this motion. Because those exhibits would have exceeded the capacity of the ECF system, they were not filed electronically. Instead, at the direction of the Clerk's office, they were filed in paper form and are contained in the court file and available for viewing there. The Exhibits have been provided to all counsel separately by electronic mail (except plaintiff's counsel to whom they were hand delivered in paper form along with the original motion and memorandum on August 1, 2008), and on the unrepresented defendant by regular mail along with the motion and memorandum.

David Heal, individually and in his capacity as the Trustee of Glenn E. Griggs Trust,
By and through his attorneys,

*/s/ Michael J. Lepizzera*
Lepizzera & Laprocina Counsellors at Law, Ltd.
Michael J. Lepizzera, Jr. #4995
301 Metro Center Blvd. Suite 102
Warwick, Rhode Island 02886
Tel: (401) 739-7397
Fax: (401) 384-6950
Email: mlepizzera@leplap.com

CERTIFICATE OF SERVICE

Pursuant to F.R.Civ.P. 11, a copy of this pleading was served via hand delivery upon Plaintiff's counsel on August 1, 2008 but not filed at that time with the court. It has this 12th day of September, 2008 been served on all parties to receive notice via the ECF system and upon any unrepresented parties by mail.

*/s/ Anthony M. Traini*
Anthony M. Traini